[No. 33911-7-I.   Division One.   July 10, 1995.]

KOMRON MICHAEL ALLAHYARI, *Respondent,* v. CARTER
SUBARU, *Appellant.*

*George Bowden,* for appellant.
*Komron Allahyari,* pro se.

GROSSE, J. — The appellant's, Carter Subaru, Inc. (Carter), motion for attorney fees was improperly denied after Komron Michael Allahyari (Allahyari) voluntarily dismissed his lawsuit against Carter seeking $5,500 in damages for breach of an oral agreement to repair his car, misrepresentation, and negligence. We hold that this action falls within the statutes providing for an award of attorney fees to the prevailing party in an action wherein the amount in controversy is less than $10,000, and that Carter was the prevailing party as a result of the voluntary dismissal.

Allahyari improperly served the complaint on Carter's service manager on May 28, 1993. Carter's counsel filed a notice of appearance with the court on July 1, 1993. The notice was dated June 2, 1993, and Carter claims to have mailed it to Allahyari on that date. On June 24, 1993, Allahyari entered a default judgment against Carter. Carter's counsel received no notice of this. Carter filed a motion to set aside the default judgment on the ground of improper service, which the court granted.

Allahyari filed a motion for reconsideration of the court's order setting aside the default judgment. He noted the motion before a different judge rather than the judge who had entered the default judgment, thereby violating local rules. As a result of Allahyari's failure to properly note the motion, the court assessed $500 in terms against him on August 17, 1993.

The parties exchanged settlement offers. None were accepted. In November 1993, Allahyari filed a motion for voluntary dismissal without prejudice pursuant to CR 41(a)(1)(B). Carter responded by filing an affidavit of attorney fees and costs. Upon inquiry by Carter, Allahyari indicated that he did not intend to pay the $500 in terms assessed against him in August 1993, and Carter filed a motion for entry of judgment with respect to the $500.

Next, Allahyari presented, ex parte, an order voluntarily dismissing his lawsuit against Carter. The order was signed by a commissioner on November 17, 1993. Carter claims it did not receive notice of the voluntary dismissal until after its entry. Carter noted its motion for entry of judgment for December 6, 1993. After a hearing, the court entered judgment in Carter's favor for $500 and awarded costs pursuant to CR 41(d). The court denied Carter's motion for attorney fees, finding that Carter was not a "prevailing party" since there was no contract providing for attorney fees under RCW 4.84.330.[1] Carter appeals.[2]

To the extent it denied Carter attorney fees under RCW 4.84.330, the trial court did not err. However, as discussed below, the court did err by denying Carter's motion for attorney fees on the ground that Carter was not the "prevailing party" under RCW 4.84.250-.300.

Under those provisions, attorney fees are awarded as follows:

> Notwithstanding any other provisions of chapter 4.84 RCW and RCW 12.20.060, in any action for damages where the amount pleaded by the prevailing party as hereinafter defined, exclusive of costs, is seven thousand five hundred dollars or less, there shall be taxed and allowed to the prevailing party as a part of the costs of the action a reasonable amount to be fixed by the court as attorneys fees. After July 1, 1985,

---

[1]RCW 4.84.330 provides in part:

"In any action on a contract or lease entered into after September 21, 1977, where such contract or lease specifically provides that attorneys fees and costs, which are incurred to enforce the provisions of such contract or lease, shall be awarded to one of the parties, the prevailing party, whether he is the party specified in the contract or lease or not, shall be entitled to reasonable attorneys fees in addition to costs and necessary disbursements."

[2]Allahyari contends that Carter's appeal must be dismissed because the order from which the appeal was taken is not an appealable order. We disagree. The premise of Allahyari's argument is that the order from which Carter is appealing is the order granting Allahyari's motion for voluntary dismissal. This premise is invalid. The order from which the instant appeal is taken is the order denying Carter's motion for attorney fees. Appeals have been entertained where the sole issue concerned a party's entitlement to attorney fees under RCW 4.84. *See e.g. Mackey v. American Fashion Inst. Corp.*, 60 Wn. App. 426, 804 P.2d 642 (1991); *Blue Mountain Serv. Corp. v. Zlateff*, 53 Wn. App. 690, 769 P.2d 883 (1989).

the maximum amount of the pleading under this section shall be ten thousand dollars.

RCW 4.84.250. For purposes of a fee award under the foregoing statute, the defendant is deemed the prevailing party

> if the plaintiff, or party seeking relief in an action for damages where the amount pleaded, exclusive of costs, is equal to or less than the maximum allowed under RCW 4.84.250, recovers nothing, or if the recovery, exclusive of costs, is the same or less than the amount offered in settlement by the defendant, or the party resisting relief, as set forth in RCW 4.84.280.

RCW 4.84.270.

Washington courts do not appear to have addressed the issue of whether fees may be awarded under RCW 4.84.250 after a plaintiff voluntarily dismisses its entire action. However, with respect to fee awards under RCW 4.84.330, the general rule is that an award of attorney fees to the defendant is proper following the plaintiff's voluntary dismissal of its action.[3]

In *Andersen,* the court held that when a plaintiff takes a voluntary nonsuit, the defendant is the prevailing party for purposes of an award of attorney fees under RCW 4.28.185(5), the long-arm statute. In *Hubbard v. Scroggin,*[4] this court limited the holding in *Andersen* to cases decided under the long-arm statute. As did the court in *Marassi,* we reject this narrow interpretation of *Andersen,* particularly in light of our discussion in *Walji:*

> The reason that an order of voluntary dismissal is not a final judgment is for the protection of plaintiffs by allowing the litigation to continue under certain circumstances. It is

---

[3]*See e.g. Marassi v. Lau,* 71 Wn. App. 912, 918, 859 P.2d 605 (1993) ("In general, if a plaintiff voluntarily dismisses its entire action under CR 41, the defendant is considered to be the prevailing party for purposes of attorney fees under RCW 4.84.330. *Walji v. Candyco, Inc.,* 57 Wn. App. 284, 288, 787 P.2d 946 (1990); *see also Andersen v. Gold Seal Vineyards, Inc.,* 81 Wn.2d 863, 867-68, 505 P.2d 790 (1973).").

[4]68 Wn. App. 883, 846 P.2d 580, *review denied,* 122 Wn.2d 1004 (1993).

not for the purpose of precluding attorney fees to a defendant who has "prevailed" as things stand at that point.

*Walji v. Candyco, Inc.*, 57 Wn. App. at 289.

Although *Walji* and *Marassi* are distinguishable from the instant case insofar as they involved an attorney fee award pursuant to a provision in a lease and contract, respectively, we find no compelling reason not to deem a defendant a prevailing party for purposes of a fee award under RCW 4.84.250 when the plaintiff voluntarily dismisses its entire action. Under RCW 4.84.270, a defendant's status as a prevailing party is determined by examining what, if anything, the plaintiff recovered. Where the plaintiff recovers nothing, the defendant is the prevailing party. When a plaintiff voluntarily dismisses its entire action, as here, the plaintiff recovers nothing. Therefore, for purposes of a fee award under RCW 4.84 .250, the defendant under such circumstances is the prevailing party.

Although apparently to the contrary, *Cork Insulation Sales Co. v. Torgeson*,[5] is distinguishable, and to the extent that it contains dicta restricting the application of RCW 4.84.250 to circumstances involving entry of judgment after trial, we decline to follow it. In *Cork*, the court affirmed the denial of an award of attorney fees to the defendant after the plaintiff had voluntarily dismissed its claims. The court identified three requirements it felt had to be met in order to trigger the operation of RCW 4.84.250: "(1) The damages sought must be less than $10,000; (2) the party seeking to recover attorney fees and costs must be deemed the prevailing party; and (3) a judgment must be entered before the offer of settlement is opened." *Cork Insulation*, 54 Wn. App. at 706. The court determined that because a voluntary dismissal does not result in entry of a judgment, the third prerequisite had not been met in the case before it.

However, the defendant in *Cork* had made an offer

---

[5]54 Wn. App. 702, 775 P.2d 970, *review denied*, 113 Wn.2d 1022 (1989).

of settlement and based his claim on that fact, not on the fact of the nonsuit alone. More importantly, as we did in *Walji*, we find it inappropriate to use the fact that a voluntary dismissal is not a final judgment as a ground upon which to deny attorney fees to a defendant upon the plaintiff's voluntary dismissal of its action. Under the definition of "prevailing party" in RCW 4.84.270, a defendant under such circumstances is the prevailing party because the plaintiff recovers nothing upon a voluntary dismissal, regardless of whether the voluntary dismissal constitutes a final judgment. In sum, we hold that in an action for damages where the amount pleaded, exclusive of costs, is $10,000 or less, the defendant is a prevailing party for purposes of an award of attorney fees under RCW 4.84.250 if the plaintiff voluntarily dismisses all of its claims. Under our holding, Carter was the prevailing party and the trial court erred by finding to the contrary.

■ Allahyari also contends that his improper service rendered Carter's compliance with RCW 4.84.280 impossible. That provision requires that offers of settlement not be served until completion of service.[6] We reject this argument for two reasons: First, Carter's motion to set aside the default is deemed a general appearance by the default judgment statute. Second, the basis of our holding is not the exchange of settlement offers, but rather, that Allahyari received nothing upon his voluntary dismissal of his claims.

■ The default judgment statute, RCW 12.20.020, provides that when a default judgment is set aside, "the making of the application for setting the same aside shall be considered an entry of general appearance in the case

---

[6]RCW 4.84.280 provides in its entirety:

"Offers of settlement shall be served on the adverse party in the manner prescribed by applicable court rules at least ten days prior to trial. Offers of settlement shall not be served until thirty days after the completion of the service and filing of the summons and complaint. Offers of settlement shall not be filed or communicated to the trier of the fact until after judgment, at which time a copy of said offer of settlement shall be filed for the purposes of determining attorneys fees as set forth in RCW 4.84.250."

by the applicant, and the case shall duly proceed to a trial upon the merits." RCW 12.20.020(3). Where, as here, a default judgment is set aside because of improper service, in order for the case to duly proceed to trial upon the merits in accordance with the statute, it necessarily must proceed *as if* service had been proper. Thus, once the default judgment was vacated, service of Allahyari's complaint had to be deemed properly accomplished for purposes of determining the parties' compliance with RCW 4.84.250.

Both parties seek an award of attorney fees on appeal. In light of our holding, Carter is the prevailing party on appeal and is entitled to attorney fees under RCW 4.84.290.[7] Further, in light of our holding, we reject Allahyari's argument that he is entitled to an award of attorney fees on the ground that Carter's appeal was frivolous.

The court's order denying Carter an award of attorney fees on the ground that Carter was not the prevailing party is reversed. The matter is remanded to the trial court for a determination of the attorney fees to which Carter is entitled for fees incurred through the time of the order of voluntary dismissal. Because RCW 4.84.290 requires that the court deciding the appeal adjudge the amount of reasonable attorney fees to which the prevailing party on appeal is entitled,[8] prior to remand of this matter to the trial court, it is referred to a commissioner pursuant to RAP 18.1(f) for determination of the amount of the award of attorney fees on appeal. Allahyari's claim for attorney fees on appeal is denied.

---

[7]"If the case is appealed, the prevailing party on appeal shall be considered the prevailing party for the purpose of applying the provisions of RCW 4.84.250."

[8]"In addition, if the prevailing party on appeal would be entitled to attorney's fees under the provisions of RCW 4.84.250, the court deciding the appeal shall allow to the prevailing party such additional amount as the court shall adjudge reasonable as attorney's fees for the appeal." RCW 4.84.290.

Reversed and remanded.

KENNEDY, A.C.J., and Cox, J., concur.

Reconsideration denied September 15, 1995.