# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| CAVALRY SPVI, LLC, | ) | No. 70747-7-I |
| Respondent, | ) | |
| | ) | DIVISION ONE |
| v. | ) | |
| JAMES SWALWELL and DOE I and their | ) | UNPUBLISHED OPINION |
| marital community composed thereof, | ) | |
| Appellant. | ) | FILED: July 28, 2014 |

TRICKEY, J. — The "prevailing party" in a lawsuit alleging damages of $10,000 or less is statutorily entitled to an award of attorney fees. But there can be no prevailing party under RCW 4.84.250 and .270 without entry of a judgment. Because a voluntary dismissal without prejudice under CR 41 does not result in the entry of a judgment, the trial court properly denied James Swalwell's request for attorney fees. We affirm.

## FACTS

Beneficial Financial I Inc. filed this collection action against James Swalwell on December 12, 2011. Cavalry SPVI, LLC (Cavalry), purchased the account in November 2012, and the trial court later granted Cavalry's motion to be substituted as the plaintiff.

On May 14, 2013, the trial court granted Cavalry's motion for a dismissal without prejudice under CR 41(a)(1)(B). Swalwell requested an award of attorney fees, asserting that he was the "prevailing party" under RCW 4.84.250 and .270. Following a hearing on July 19, 2013, the trial court denied the motion,

ruling that RCW 4.84.250 does not authorize an attorney fee award following a voluntary dismissal under CR 41. Swalwell appeals.

ANALYSIS

Swalwell contends that the trial court erred in denying his request for attorney fees. Citing Allahyari v. Carter Subaru, 78 Wn. App. 518, 897 P.2d 413 (1995), he argues that he was the prevailing party because Cavalry recovered nothing after voluntarily dismissing its case. In Allahyari, the court concluded that when the plaintiff voluntarily dismisses the case, the plaintiff recovers nothing and the defendant is therefore a prevailing party under RCW 4.84.270 "regardless of whether [a] voluntary dismissal constitutes a final judgment." Allahyari, 78 Wn. App. at 524.

In Washington, the prevailing party is not entitled to an award of attorney fees as a cost of litigation absent a contract, statute, or recognized ground of equity. Rettkowski v. Department of Ecology, 128 Wn.2d 508, 514, 910 P.2d 462 (1996). RCW 4.84.250 provides that in actions in which "the amount pleaded" is $10,000 or less, "there shall be taxed and allowed to the prevailing party . . . a reasonable amount to be fixed by the court as attorneys' fees." A defendant is the "prevailing party" under RCW 4.84.250 if the plaintiff "recovers nothing, or if the recovery, exclusive of costs, is the same or less than the amount offered in settlement by the defendant, or the party resisting relief." RCW 4.84.270.

After the parties submitted their briefs in this case, our Supreme Court held that "there must be a final judgment before attorney fees can be made

available to the prevailing party under RCW 4.84.250 and .270." AllianceOne Receivables Mgmt., Inc. v. Lewis, ___ Wn.2d ___, 325 P.3d 904, 905 (2014). The court further concluded that because a voluntary dismissal without prejudice does not result in the entry of a judgment, the defendant cannot be a "prevailing party" following a CR 41 dismissal and is not entitled to attorney fees under RCW 4.84.250 and .270. AllianceOne, 325 P.3d at 909.

In reaching its decision, the majority in AllianceOne rejected the analysis in Allahyari v. Carter Subaru, upon which Swalwell relies. Instead, the majority adopted the three-part test from Cork Insulation Sales Co. v. Torgeson, 54 Wn. App. 702, 775 P.2d 970 (1989). Consequently, in order to be entitled to attorney fees under RCW 4.84.250, the defendant must demonstrate (1) that the damages pleaded were equal to or less than $10,000, (2) that the defendant is the prevailing party, and (3) that there was an entry of judgment. AllianceOne, 325 P.3d at 905, 909.

Because there was no entry of judgment after Cavalry voluntarily dismissed its action, Swalwell cannot be the prevailing party. The trial court properly denied his request for attorney fees under RCW 4.84.250 and .270.[1]

---

[1] Because there is no prevailing party, we need not address Cavalry's contention that Swalwell also failed to demonstrate that the damages requested were equal to or less than $10,000.

Swalwell has also requested an award of attorney fees on appeal. <u>See</u> RCW 4.84.290. Because he is not a prevailing party, the request is denied. <u>See</u> <u>AllianceOne</u>, 325 P.3d at 909-10.

Affirmed.

Trickey, J

WE CONCUR:

Spearman, J.                                    Cox, J.