**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

| | |
|---|---|
| ARUN NAGARAJAN and INDHU SIVARAMAKRISHNAN, | No. 82644-1-I |
| Respondents, | DIVISION ONE |
| v. | UNPUBLISHED OPINION |
| NAIXIANG LIAN, | |
| Appellant. | |
| _____ | |
| NAIXIANG LIAN, | |
| Appellant, | |
| v. | |
| ARUN NAGARAJAN and INDHU SIVARAMAKRISHNAN, | |
| Respondents. | |

MANN, J. — Naixiang Lian sued Arun Nagarajan and Indhu Sivaramakrishnan (Nagarajans) for negligence, private nuisance, and injunctive relief arising from allegedly dangerous trees in the Nagarajans' backyard. The trial court dismissed the claims on summary judgment, and under a CR 50 motion for judgment, as a matter of

law.  Lian appeals and argues that the court erred in (1) dismissing the nuisance claim on summary judgment, (2) dismissing the emotional distress claim absent damages, (3) granting the Nagarajans' motion in limine to exclude evidence of lost rental income damages, and (4) dismissing the negligence claim for failure to produce evidence of damages.  We affirm.[1]

I.

Factual Background

The Nagarajans and Lian are neighbors.  The Nagarajans' and Lian's backyards abut each other with a boundary line fence.

The Nagarajans purchased their property in July 2013.  The property included a cedar tree near the center of the backyard and a row of approximately nine cypress trees along the common boundary line.  In 2015, the Nagarajans consulted an International Society of Arboriculture (ISA) certified arborist, Duane "Andy" Anderson, with Blue Ribbon Tree & Landscape Specialists, Inc. to assess the health of the trees on their property.  Anderson explained that the top of the cedar broke off at some point in the past and that it was fixed, "but we want to tell you that it should be checked again in the next 3 or 4 years.  Certainly no longer than 5 years.  Just to check its safety factor.  But, you are good to go for a few years at least."

In 2016, Lian moved into the abutting property.  Lian observed the trees as a risk and sent the Nagarajans requests to have the trees cut down.  During a windstorm on November 13, 2017, a branch from the Nagarajans' cedar tree broke off and fell into

---

[1] Lian moved to strike the Nagarajan's sur-reply brief.  We agree and grant Lian's motion to strike.

Lian's yard. Within two weeks, Lian's attorney sent the Nagarajans a letter insisting that the trees be removed.

In December 2017, Lian again insisted the Nagarajans remove the cedar tree and cypress trees. In response, the Nagarajans hired Anderson to re-inspect the cedar and to perform an ISA basic tree risk assessment. Anderson's report stated, "[t]he probability of large failure is virtually non-existent" and "I do NOT believe that tree needs to be removed." He also stated the cedar tree should be reexamined in three or four years. Regardless of the report, Lian's new counsel sent the Nagarajans a letter and draft complaint for damages and injunctive relief demanding the trees be removed. Soon after, Lian also hired a certified arborist, Matt Stemple, to inspect the cedar tree. Stemple did not know that the trees were not on Lian's property until he arrived; therefore, the report only contained a visual assessment. Stemple recommended that "to reduce risk to a tolerable level is to drastically reduce or remove the Cedar."

In April 2018, the Nagarajans retained a second opinion from a certified arborist, Andrew Baker, with Arborists NW, LLC. Baker performed core sampling to examine for rot and inspected the top of the trees using a drone. He recommended "to continue regular maintenance of the tree, this can be achieved by a crown cleaning with the aim of removing dead and failing branches" and "continue to make observations on the conditions of concern."

Throughout 2018, unsatisfied with the reports and refusal to remove the trees, Lian filed a complaint with the English Hill Homeowners' Association, contacted local media, and complained to the King County Executive. All with no avail.

In June 2019, an apparent trespasser entered the Nagarajans' backyard and poisoned the cedar and cypress trees. Anderson came to the property to inspect the trees, smelled diesel fuel, and found rock salt around the base of the trees. At Anderson's and Baker's recommendation, Nagarajan removed several inches of soil around the base of the trees. In July 2020, Anderson inspected the trees again. He found "five of the nine Leland Cypresses had deteriorated considerably. Three were dead and the other two showed significant signs of poor health. The western red cedar tree also showed signs of stress." He opined the deterioration was a direct result of the poisoning.

On October 12, 2020, Anderson removed all nine cypress trees. Anderson reassessed the cedar and determined its health had improved significantly. He removed four dead limbs on the top and thinned the canopy to minimize the risk of any future harm. He concluded there is "virtually no risk of this cedar failing and causing damage [to] any neighbor's property." Lian hired an arborist, Alan Haywood, to inspect the Nagarajans' trees. Haywood determined, "the western red cedar . . . appeared to be in good health, with no dead branches present. The foliage was a little sparse on the tree, possibly indicating some stress, but it did not have an unusual amount of seasonal dead foliage."

<u>Procedural Background</u>

On September 4, 2019, Lian filed suit against the Nagarajans for negligence, nuisance, and injunctive relief. Lian argued that the Nagarajans were negligent and created a nuisance by failing to take corrective action to maintain the safety condition of the trees both before and after the 2017 incident. Lian sought monetary damages and

injunctive relief to remove the trees. The Nagarajans countersued asserting claims for timber trespass and outrage based on the belief that Lian poisoned their trees. The court consolidated the cases under King County Cause No. 19-2-23880-1 SEA.

The Nagarajans moved for summary judgment seeking dismissal of Lian's negligence, nuisance, and injunctive relief claims. In August 2020, the court dismissed the nuisance claim but found a question of material fact as to the negligence claim and injunctive relief.

After Lian failed to produce evidence of alleged damages, the Nagarajans filed another motion for partial summary judgment. The trial court granted the relief sought by the Nagarajans except for Lian's claim for lost rental income. The order dismissed claims for property damage, diminution in property value, wage loss, emotional distress, non-party minor child's bodily injury damages, and requested injunctive relief.

While awaiting trial assignment, the court entered an order for sanctions prohibiting Lian from submitting any evidence or testimony at trial that had not been disclosed in discovery. The court found that Lian repeatedly violated discovery rules and failed to abide by several court orders over discovery. Thus, the court previously imposed less severe sanctions striking witnesses and ordered Lian to re-appear for deposition.

The Nagarajans' settled their trespass claims directly with Lian's homeowners' insurance and the Nagarajans moved for voluntary dismissal of the action under CR 41. The court granted the dismissal. On May 21, 2021, the court clarified that the sanctions order remains in effect:

The 12/31/[20] sanctions order is valid and enforceable against Mr. Lian with respect to the remaining claims in this action and is intended to limit the evidence and testimony Mr. Lian may introduce at trial.

The Nagarajans filed pretrial motions in limine to bar Lian from introducing evidence at trial regarding lost rental income damages. Upon hearing the motion, the court struck the trial date and ordered Lian to produce Carl Li for deposition within 14 days. Lian failed to produce Li. The Nagarajans filed a renewed motion to exclude evidence of lost rental income damages and included a motion to dismiss Lian's negligence claim pursuant to CR 50. The trial court dismissed the negligence claim for Lian's inability to prove damages.

Lian appeals the order granting the motion in limine, CR 50 motion, dismissal of his emotional distress damages claim, and dismissal of the nuisance claim.

II.

We review an order on summary judgment de novo. Meyers v. Ferndale Sch. Dist., 197 Wn.2d 281, 287, 481 P.3d 1084 (2021). "Summary judgment is appropriate where there is no genuine issue as to any material fact, so the moving party is entitled to judgment as a matter of law. We view the facts and reasonable inferences in the light most favorable to the nonmoving party." Meyers, 197 Wn.2d at 287; see also CR 56. We review the facts in the light most favorable to the nonmoving party. Young v. Key Pharms., Inc., 112 Wn.2d 216, 225, 770 P.2d 182 (1989).

A.

Lian argues that the trial court erred in dismissing his claim for emotional distress damages based on the Nagarajans' intentional ignorance and deliberate indifference over the condition of their trees. We disagree.

-6-

Lian did not claim an intentional tort. Now characterizing the Nagarajans' actions as intentional ignorance or deliberate indifference does not create an intentional act or a claim for an intentional tort. A party may not raise a new argument on appeal, thus, we decline to consider the argument. In re Estate of Reugh, 10 Wn. App. 2d 20, 69, 447 P.3d 544 (2019) (citing In re Det. of Ambers, 160 Wn.2d 543, 557 n.6, 158 P.3d 1144 (2007)).

In the absence of physical injury, in negligence cases we allow recovery when the emotional distress is: (1) within the scope of foreseeable harm of the negligent conduct, (2) a reasonable reaction given the circumstances, and (3) manifested by objective physical symptomology. Bylsma v. Burger King Corp., 176 Wn.2d 555, 560, 293 P.3d 1168 (2013). Objective symptomology, meaning physical injury or bodily harm, is not a prerequisite to recovery of damages only when intentional emotional harm has been inflicted. Kloepfel v. Bokor, 149 Wn.2d 192, 198, 66 P.3d 630 (2003) (emphasis added).

Lian failed to show objective symptomology as a required element of a negligent infliction of emotional distress claim. Lian failed to submit evidence to support his claimed damages. The only evidence Lian submitted was his own deposition where he testified that he suffered nightmares, difficult sleeping, and financial pressure. While Lian claimed he was treated by physiologist Dr. Junghee Park-Adams, it is unclear when, for how long, and if a condition was diagnosed. Lian identified Dr. Park-Adams as a witness, yet opposed the Nagarajans' efforts to obtain Dr. Park-Adams's records, claiming doctor patient privilege. To recover under negligent infliction of emotional distress, Lian needed to present sufficient evidence to make the question of damages a

genuine issue of material fact. Because he did not, the trial court correctly dismissed the claim.

## B.

Lian argues that the trial court erred in dismissing his nuisance claim because it was based on intentional conduct, not negligent action. Again, we disagree. Lian never alleged intentional conduct by the Nagarajans and he did not argue it below. We thus do not need to consider this argument on appeal. Reugh, 10 Wn. App. 2d at 69 (citing Ambers, 160 Wn.2d at 557 n.6).

"In Washington, a 'negligence claim presented in the garb of nuisance' need not be considered apart from the negligence claim." Atherton Condo. Apt. Onwers Ass'n Bd. v. Blume Dev. Co., 115 Wn.2d 506, 527-28, 799 P.2d 250 (1990) (quoting Hostetler v. Ward, 41 Wn. App. 343, 360, 704 P.2d 1193 (1985)). "In those situations where the alleged nuisance is the result of the defendant's alleged negligent conduct, rules of negligence are applied."[2] Atherton, 115 Wn.2d at 527 (citing Hostetler, 41 Wn. App. at 360). Because Lian's nuisance claim is grounded in negligence, or the nuisance is the result of negligence, the court properly dismissed the nuisance claim in the wake of a present negligence action.

## C.

Lian argues that the trial court erred in granting the Nagarajans' renewed motion in limine to exclude evidence of lost rental income, arguing that the order was inconsistent with its prior ruling on summary judgment. He also argues that the trial

---

[2] To establish negligence, a plaintiff must prove (1) the existence of a duty owed by defendant to the plaintiff, (2) breach of that duty, (3) resulting injury, and (4) proximate cause between breach of duty and injury. Hutchins v. 1001 Fourth Ave. Assocs., 116 Wn.2d 217, 220, 802 P.2d 1360 (1991).

court erred in granting the CR 50 motion for judgment as a matter of law because there was a genuine dispute of material fact as to whether the Nagarajans knew their trees were dangerous.  We disagree.[3]

We review a trial court's grant of a motion in limine for abuse of discretion. Medcalf v. Dep't of Licensing, 83 Wn. App. 8, 16, 920 P.2d 228 (1996).  "A trial court abuses its discretion only when its ruling was based upon untenable grounds or untenable reasons."  Medcalf, 83 Wn. App. at 16.

We review a CR 50 motion de novo.  Paetsch v. Spokane Dermatology Clinic, P.S., 182 Wn.2d 842, 848, 348 P.3d 389 (2015).  "A reviewing court reviews the evidence in the light most favorable to the aggrieved party and determines whether the trial court correctly applied the law."  Sounders v. Lloyd's of London, 113 Wn.2d 330, 335, 779 P.2d 249 (1989).  Granting a motion for judgment as a matter of law is appropriate when there is no substantial or reasonable inference to sustain a verdict for the nonmoving party.  Sing v. John L. Scott, Inc., 134 Wn.2d 24, 29, 948 P.2d 816 (1997).  "Substantial evidence is said to exist if it is sufficient to persuade a fair-minded, rational person of the truth of the declared premise."  Lodis v. Corbis Holdings, Inc., 192 Wn. App. 30, 61-62, 366 P.3d 1246 (2015).

---

[3] Lian also argues that the order excluding evidence of lost rental income violated his constitutional right to a jury trial.  While the right to a jury trial is fundamental, the particular right protected is to have the jury decide factual questions.  State v. Montgomery, 163 Wn.2d 577, 590, 183 P.3d 267 (2008).  "It was not the purpose of [article I, section 21] to render the intervention of a jury mandatory . . . where no issue of fact was left for submission to, or determination by, the jury."  Dillon v. Seattle Deposition Reps., LLC, 179 Wn. App. 41, 89, 316 P.3d 1119 (2014) (citing Brandon v. Webb, 23 Wn.2d 155, 159, 160 P.2d 529 (1945)).  The court did not err in excluding evidence Lian failed and refused to produce.  The lack of such evidence leaves no factual question for the jury to determine.  The court did not abuse its discretion or violate Lian's right to a jury.

The Nagarajans moved for partial summary judgment to dismiss Lian's damages and injunctive relief claims. The court granted the motion in part, leaving only Lian's claim for lost rental income. The basis for Lian's lost rental income claim is that no one would rent his property after the 2017 incident because of dangerous conditions. During discovery, Lian did not specify the amount of lost rental income or the method for calculating damages. CR 9. In response to the Nagarajans' interrogatories, Lian objected to the request for detailed damages and production of such damages. He stated the request was "unintelligible, overbroad, compound, burdensome, and seeks private financial information." Lian identified Li as a former tenant to testify that he entered into a two-year residential lease with Lian, but breached the lease and refused to rent the property after the incident. Lian failed repeatedly to produce Li for the deposition.

The Nagarajans moved for sanctions against Lian for failure to fulfil discovery obligations. On December 31, 2020, the court imposed sanctions, limiting Lian's evidence at trial to evidence fully disclosed in discovery. The sanctions order stated:

> The Court's orders compelling have been disobeyed. The case is now awaiting trial assignment. The least severe sanction the Court can impose at this point is to bar any evidence or testimony from Mr. Lian not already fully disclosed in discovery. Any such evidence (including any late disclosed witness(es)) is barred.

In May 2021, the Nagarajans moved in limine to exclude evidence of lost rental income based on Lian's continued failure to specifically plead damages, failure to specify the amount and basis of damages, and obstruction of access to Li. CR 9(g). The court denied the motion, but required Lian to produce Li for deposition within 14 days of the entry of the order. Lian failed to produce Li. The Nagarajans' filed a

-10-

renewed motion in limine on the same grounds as before, in addition to Lian's failure to produce Li for deposition by July 9th as required by the court's recent order. Lian's counsel advised the court that Li would not appear for deposition nor would he testify.

The court granted the Nagarajans' renewed motion in limine because Lian repeatedly failed to produce Li after previously finding him in violation of various discovery orders. "The rules are clear that a party must fully answer all interrogatories and all requests for production, unless a specific and clear objection is made." Wash. State Physicians Ins. Exch. v. Fisons Corp., 122 Wn.2d 299, 353-54, 858 P.2d 1054 (1993). Because Lian failed to produce evidence of lost rental income during discovery, aside from his personal declaration, the court did not err in excluding evidence of lost rental income at trial.

Because the court excluded evidence of lost rental income, it granted the Nagarajans' CR 50 motion.

A party seeking judgment as a matter of law may submit a motion at any time before submission of the case to the jury. CR 50(a)(2); Univ. of Wash. v. Gov't Emps. Ins. Co., 200 Wn. App. 455, 461, 404 P.3d 559 (2017). CR 50(a)(1) provides:

> If, during a trial by jury, a party has been fully heard with respect to an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find or have found for that party with respect to that issue, the court may grant a motion for judgment as a matter of law against the party on any claim . . . that cannot under the controlling law be maintained without a favorable finding on that issue.

The trial court correctly granted the Nagarajans' renewed motion in limine and corresponding CR 50 motion; dismissing Lian's negligence claim for an inability to prove evidence of lost rental income damages. The court dismissed all other alleged

-11-

damages on summary judgment. Lian's refusal or inability to produce Li left no legally sufficient evidentiary basis for a reasonable jury to find that Lian's alleged damages were proximately caused by the condition of the Nagarajans' trees. Simply, Lian cannot prove damages—an essential element of a negligence claim. Young, 112 Wn.2d at 225. Failure of one element disposes of the negligence claim. Young, 112 Wn.2d at 225.[4]

IV.

Lian argues that the court erred in denying his motion for summary judgment and conversely granting the Nagarajans' motion to voluntarily dismiss the trespass and outrage claims. We disagree.

The Nagarajans' sued Lian for trespass and outrage. Lian moved for summary judgment on the claims. The Nagarajans' settled outside court and moved for voluntary dismissal of the claims under CR 41(a)(1)(B).

Under RAP 2.2(a), only final judgments are appealable as a matter of right. The denial of a summary judgment motion is not a final order that can be appealed as a matter of right. In re Estates of Jones, 170 Wn. App. 594, 605, 287 P.3d 610 (2012). A voluntarily dismissal under CR 41(a)(1)(B) is also not an appealable order because it is not a final judgment on the merits and does not result in an entry of judgment. Alliance

---

[4] Lian contends that he did not have a full opportunity to be heard on his claim for lost rental income damages. But Lian was represented by counsel, filed briefing in opposition of the renewed motion in limine and CR 50 dismissal, and was allowed oral argument. He was given multiple opportunities to produce Li.

One Receivables Mgmt., Inc. v. Lewis, 180 Wn.2d 389, 399, 325 P.3d 904 (2014).  As a result, we decline to consider Lian's arguments.[5]

Affirmed.

WE CONCUR:

_Mann, J._

_Smith, A.C.J._

---

[5] Lian included challenges to 20 trial court orders in the notice of appeal.  We will not consider any argument identified in the notice of appeal but not argued in Lian's briefing.  Cowiche Canyon Conservancy, 118 Wn.2d 801, 809, 828 P.2d 549 (1992); Skagit County Pub. Hosp. Dist. No. 1 v. Dep't of Revenue, 158 Wn. App. 426, 440, 242 P.3d 909 (2010).