IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| In the Matter of the Guardianship of | ) | |
| | ) | No. 34236-1-III |
| DONALD RAYMOND MITCHELL, | ) | Consolidated with† |
| | ) | |
| and | ) | |
| | ) | UNPUBLISHED OPINION |
| SEVERAL OTHER SIMILAR CASES | ) | |
| CONSOLIDATED ON APPEAL.† | ) | |

---

† No. 34311-1-III, *In re Guardianship of Krista L. Blair*; No. 34273-5-III, *In re Guardianship of Ernest Bowen*; No, 34295-6-III, *In re Guardianship of Richard E. Bowers*; No. 34288-3-III, *In re Guardianship of Cleora K. Boyd*; No. 34287-5-III, *In re Guardianship of Linda S. Brangwin*; No. 34251-4-III, *In re Guardianship of David P. Campbell*; No. 34303-1-III, *In re Guardianship of Anna Carey*; No. 34310-3-III, *In re Guardianship of Jared Collier*; No. 34297-2-III; *In re Guardianship of Carisa M. Cornelius*; No. 34248-4-III, *In re Guardianship of Christopher Dean*; No. 34289-1-III, *In re Guardianship of Sarah DeMary*; No. 34281-6-III, *In re Guardianship of Catherine Desjardins*; No. 34284-1-III, *In re Guardianship of Steven Eberhart*; No. 34247-6-III, *In re Guardianship of Aaron Cory Eisenman*; No. 34300-6-III, *In re Trust of Minor Portia Elvidge*; No. 34309-0-III, *In re Guardianship of Lynn Fairbanks*; No. 34253-1-III, *In re Guardianship of Michael Fenske*; No. 34272-7-III, *In re Guardianship of Marlo Foster*; No. 34294-8-III, *In re Guardianship of Marlene Friesen*; No. 34282-4-III, *In re Guardianship of Alejandro Garcia*; No. 34267-1-III, *In re Guardianship of Ron Gehring*; No. 34258-1-III, *In re Guardianship of Thomas Getchell*; No. 34296-4-III, *In re Special Needs Trust of Jessica Harmon*; No. 34237-9-III, *In re Guardianship of Bart Harrington*; No. 34299-9-III, *In re Guardianship of Robert D. Harris*; No. 34290-5-III, *In re Est. of Rex Lee Hartley*; No. 34256-5-III, *In re Guardianship of Teresa C. Higgins*; No. 34238-7-III, *In re Guardianship of Michaele Hood*; No. 34242-5-III, *In re Guardianship of Marjorie K. Hopper*; No. 34269-7-III, *In re Guardianship of Connie L. House*; No.

No. 34236-1-III
*In re Guardianship of Mitchell, et al.*

SIDDOWAY, J. — Hallmark Care Services, Inc. and Lori Petersen assign error to two sets of judgments and orders in these appeals. The appeals were commenced with their notices of appeal of 76 judgments dated January 19, 2016, that were entered against

34241-7-III, *In re Guardianship of Bertha L. Jenkins*; No. 34255-7-III, *In re Guardianship of Robert E. Loss*; No. 34271-9-III, *In re Guardianship of June I. Love*; No. 34279-4-III, *In re Guardianship of Bella Mally*; No. 34301-4-III, *In re Guardianship of Helen Martin*; No. 34259-0-III, *In re Guardianship of Murphy McCoy*; No. 34265-4-III, *In re Guardianship of Margaret McDirmid*; No. 34260-3-III, *In re Guardianship of Malcolm D. McLellan*; No. 34240-9-III, *In re Guardianship of Carl McMorris*; No. 34275-1-III, *In re Guardianship of Bernetta Melton*; No. 34250-6-III, *In re Guardianship of Thomas Miller, Jr.*; No. 34268-9-III, *In re the Guardianship of Sharon Westerman Moore*; No. 34266-2-III, *In re Guardianship of Gustavo Morales*; No. 34264-6-III, *In re Guardianship of Ruth Morales*; No. 34302-2-III, *In re Guardianship of Rosalind Elena Morris*; No. 34304-9-III, *In re Guardianship of Clayton Nalley*; No. 34285-9-III, *In re Guardianship of Joseph H. Naylor*; No. 34305-7-III, *In re Guardianship of Louise L. Nichols*; No. 34308-1-III, *In re Guardianship of H. Kurt Olson*; No. 34276-0-III, *In the Guardianship of Barbara A. Oppegaard*; No. 34244-1-III, *In re Guardianship of Lewis Palmer*; No. 34293-0-III, *In re Guardianship of Sharon Louise Pitner*; No. 34278-6-III, *In re Guardianship of Lucas F. Rivero*; No. 34270-1-III, *In re Guardianship of Holly Mae Sanford*; No. 34262-0-III, *In re Guardianship of Janet Lynn Shaw*; No. 34291-3-III, *In re Nehemiah Daniel Slater*; No. 34307-3-III, *In re Guardianship of Judd Smelcer*; No. 34286-7-III, *In re Guardianship of Joan S. Smith*; No. 34283-2-III, *In re Guardianship of Leslie Stanich*; No. 34239-5-III, *In re Guardianship of Kristen Patrice Sternberg*; No. 34245-0-III, *In re Guardianship of Nanci Jo Stocker*; No. 34249-2-III, *In re Guardianship of Elvella Storrud*; No. 34254-9-III, *In re Guardianship of Margaret L. Sullivan*; No. 34261-1-III, *In re Guardianship of Jared Trimble*; No. 34257-3-III, *In re Guardianship of Robert W. Tuckerman*; No. 34274-3-III, *In re Guardianship of Arthur Underwood*; No. 34263-8-III, *In re Guardianship of Betty Vingo*; No. 34246-8-III, *In re Guardianship of Donna Vogel*; No. 34298-1-III, *In re Guardianship of Dawn Wesselman*; No. 34280-8-III, *In re Guardianship of Ralph Carl White*; No. 34320-1-III, *In re Guardianship of Jeffrey R. Williams*; No. 34252-2-III, *In re Guardianship of Walter L. Withers*; No. 34292-1-III, *In re Guardianship of Mary E. Wright*; No. 34277-8-III, *In re Guardianship of Linda Zauner*; No. 34243-3-III, *In re Guardianship of James Zingale*.

them and in favor of Spokane County as contempt sanctions (the contempt judgments).

After the superior court vacated the contempt judgments on its own motion in September

2019 and then denied Hallmark's and Petersen's requests for awards of costs, Hallmark

and Petersen appealed the cost orders, which this court treated as amending the 2016

notices of appeal. Representative copies of the original and amended notices of appeal

with the challenged contempt judgment and cost order are attached in an appendix

(Ex. A).

Also before us is a motion to dismiss this appeal as moot, which was filed by an

attorney for Spokane County's Guardianship Monitoring Program.

We dismiss the appeals of the contempt judgments as moot. We affirm the trial

court's orders denying Hallmark's and Petersen's requests for cost awards.

FACTS AND PROCEDURAL BACKGROUND

After Lori Petersen, a certified professional guardian, was disciplined by the

Certified Professional Guardianship Board with a 12-month suspension, review was

initiated in Spokane County Superior Court of guardianships in which two certified

professional guardianship agencies (CPGAs) by which she had been employed—

Hallmark Care Services, Inc. d/b/a Castlemark Guardianship and Trusts, and Hallmark

Care Services, Inc. d/b/a Eagle Guardianship and Professional Services (collectively

Hallmark)—were serving as court-appointed guardians. *In re Guardianship of Holcomb*,

No. 34236-1-III
*In re Guardianship of Mitchell, et al.*

No. 33356-6-III, slip op. at 4, 7-8 (Wash. Ct. App. Oct. 18, 2018) (unpublished).[1] The

Hallmark CPGAs and Petersen were removed as guardians, and in May and June 2015

Hallmark and/or Petersen filed notices of appeal in over 120 guardianships. They

challenged the court's appointment of a special master, its removal of them as guardians,

and judgments entered against them for the cost of guardians ad litem in the cases in

which they were removed. *Id.* at 16-17. The appeals were consolidated, with

*Guardianship of Holcomb* serving as the anchor case.

In February 2016, Hallmark and Petersen filed this second set of appeals, seeking

review of contempt judgments entered against them in 76 guardianship matters. After

Hallmark's and Petersen's removals as guardian, the superior court had ordered them to

file accountings. When they failed to do so in the 76 cases, the court entered a $228

judgment as a contempt sanction in each case. Appeal of the contempt judgments was

stayed pending a decision and issuance of the mandate in *Holcomb*.

Early in the *Holcomb* appeal, a Spokane County deputy prosecutor moved for

permission to appear as amicus curiae for Spokane County's Guardianship Monitoring

Program, an arm of the county's superior court administrator's office (hereafter "the

Monitoring Program"). He contended that the individual guardianships lacked the funds

---

[1] Available at https://www.courts.wa.gov/opinions/pdf/333566_unp.pdf.

4

to defend the court's orders. The motion was granted by our commissioner, who ruled

that the prosecutor's participation as special amicus would assist this court within the

meaning of RAP 10.6(a). In the same ruling, our commissioner held that orders

removing the Hallmark CPGAs as guardians were not appealable by them because the

CPGAs were not aggrieved parties.

This court's opinion filed in *Guardianship of Holcomb* in October 2018 reversed

all of the judgments imposing guardian ad litem fees against Hallmark and Petersen,

concluding that the judgments were entered without affording Hallmark and Petersen due

process. The court's reasons and more of the underlying facts are recounted in the

opinion in that first appeal. Following remand, Spokane County abandoned its earlier

effort to recover guardian ad litem fees from Hallmark and Petersen.

Following our decision in *Guardianship of Holcomb* and issuance of the mandate,

notification to the parties in this appeal of a briefing schedule prompted the deputy

prosecutor who had served as special amicus to seek leave under RAP 7.2(e) for the

Spokane County Superior Court to dismiss the contempt judgments on its own motion.

The prosecutor's RAP 7.2(e) motion was supported by a declaration from then-superior

court presiding Judge Harold D. Clarke III, in which Judge Clarke explained:

> 6.     Commissioner [Steven] Grovdahl issued sanctions to be
> [paid] to Spokane County at a rate of $3.00 a day for every day [Petersen]
> and her guardianship agencies failed to perform accountings in each

No. 34236-1-III
*In re Guardianship of Mitchell, et al.*

Guardianship. Commissioner Grovdahl thereafter entered judgment in each of the Guardianships referenced in Attachment "A."

7.   Appellant never performed the accountings.

. . . .

9.   Having reviewed the issues in this case I am at this time respectfully requesting this Court to grant the Superior Court Jurisdiction pursuant to RAP 7.2 to enter an order vacating the orders imposing sanctions on Appellant.

10.   The reason for vacating the orders at this time is that the sanctions were originally imposed to coerce Appellants to perform their legal obligations in preparing accountings in each of the Guardianships for which she was removed in the summer of 2015.

11.   Civil Contempt Sanctions can be imposed only as long as it is possible for a party to purge themselves of the contempt by performing the Court's directions. See *In Re King v. Department of Social and Health Services*, 110 Wn.2d 793, 804, 756 P.2d 793 (1988); *United States v. Rylander*, 460 U.S. 752, 103 S. Ct. 1548, 75 L.Ed.2d 521 (1983).

12.   Since Appellant and her businesses have not yet had control over the estates in question for a number of years, she would not presently be in a position to provide accurate accountings at this stage. Moreover, any accountings prepared at this point would be of no value to the present Guardians. It is therefore pointless to pursue sanctions at this juncture.

13.   A copy of the Superior Court's proposed order vacating the judgments imposing sanctions in these matters which the Court proposes to enter after a presentment hearing as soon as practical is attached hereto.

*Mot. to Permit Super. Ct. to Enter an Ord.*, *Ex. 2*, *Decl. of Harold D. Clarke, III* at 2-4, *In re Guardianship of Mitchell*, No. 34236-1-III (Wash. Ct. App. Aug. 6, 2019) (on file with court). Our commissioner granted the motion in a letter ruling on August 9, 2019.

The superior court's proposed order vacated its October 2015 order imposing sanctions and the resulting judgments. Hallmark and Petersen filed a response in the trial

6

No. 34236-1-III
*In re Guardianship of Mitchell, et al.*

court in which they agreed that the orders and judgments should be vacated. But they

objected to the proposed order's characterization of the order imposing sanctions as

"lawful" and to its characterization of the underlying claims in the case as being "fully

resolved." *E.g.*, Clerk's Papers (CP) at 27972-27974. Hallmark and Petersen also filed a

declaration with the trial court identifying a total of $2,558.50 in statutory attorney fees

and other amounts that they asked be awarded to them as costs.[2]

Presentment of the proposed orders vacating the contempt judgments took place

before Judge Clarke on September 13, 2019. He entered orders vacating the October

2016 orders imposing sanctions and resulting judgments at that time, but took the cost

issue under advisement.

On September 23, 2019, Judge Clarke entered an "Order Re: Statutory Fees and

Costs" that denied Hallmark's and Petersen's requests for costs. He determined that

neither the superior court nor the Monitoring Program—against whom Hallmark and

Petersen sought to recover the costs—were parties to the guardianship cases. He also

determined that *if* Hallmark and Petersen were parties, they did not prevail in any

substantive way because the court had vacated the contempt sanctions on its own motion.

_____

[2] This amount consisted of $1,306.80 for "Copies, LAR0.7 Motion, Motion to waive fees, Motion for Stay 8712 copies x $.15 (22 service parties, 76 separate cases)," $100.00 for "Mailing Costs (22 service parties)," $290.00 for "Filing Fee - Court of Appeals," $196.00 for "Transcription Costs - Statement of Arrangments [sic] (paid to Ct. Reporter)," and $665.70 for "Current motion 4438 x .[1]5 = 665.70." CP at 27983.

7

No. 34236-1-III
*In re Guardianship of Mitchell, et al.*

After the superior court vacated the contempt orders and judgments, but before Hallmark and Petersen filed their amended notices of appeal, the Monitoring Program moved to dismiss this appeal as moot. Hallmark and Petersen opposed the motion. It was referred to the panel for decision. Hallmark and Petersen timely filed amended notices of appeal of the cost orders.

ANALYSIS

I.      APPEAL OF THE JUDGMENTS IMPOSING CONTEMPT SANCTIONS IS MOOT

The Monitoring Program moved to dismiss these appeals as moot, arguing that since the superior court has vacated the orders imposing sanctions and resulting judgments, this court can no longer provide effective relief. It cites *State v. Gentry* for the propositions that "[o]rdinarily, this Court will not consider a question that is purely academic," and, "A case is moot if a court can no longer provide effective relief." 125 Wn.2d 570, 616, 888 P.2d 1105 (1995).

Hallmark and Petersen argue that dismissal is unwarranted for two reasons: the Monitoring Program lacks standing to bring the motion to dismiss, since it is neither a party nor has it been recognized as amicus curiae in this appeal, and there is a matter—specifically, their requests for costs—that has not yet been addressed. Hallmark and Petersen also move to strike the attachments to the Monitoring Program's motion to dismiss, which they argue are not part of the trial or appellate record in this matter.

On the issue of standing, the motion to dismiss acknowledged that the deputy

8

prosecutor filing the motion had been granted special amicus statute in different but related appeals. It pointed out that this court had continued to give the deputy prosecutor notice of these appeals, and evidently had not given notice to the individual guardianships. According to the certificate of mailing attached to Hallmark's and Petersen's amended notices of appeal, they directed copies of those notices to only the deputy prosecutor. *See, e.g.*, Appendix, Ex. B. This court's amended perfection letter dated November 19, 2019, was addressed to only two lawyers: the lawyer for Hallmark and Petersen, and the deputy prosecutor. The amended perfection letter provided that "[t]he Amicus Curiae Respondent's brief is due in this court 30 days after service of the appellant's brief." Letter, *In re Guardianship of Miller*, No. 34236-1-III (Wash. Ct. App. Nov. 19, 2019) (boldface omitted) (available from court).

Amicus curiae status may be granted by motion or on the court's request. RAP 10.6. The motion for leave to file an amicus brief may be filed with the brief. RAP 10.6(b). "The appellate court may ask for an amicus brief at any stage of review." RAP 10.6(c). The amended perfection letter sent to counsel in November 2019 implicitly granted the deputy prosecutor's request to file the motion to dismiss and authorized his participation in these appeals as special amicus.

Turning to the motion to strike, RAP 17.4(f) directs a person who files a motion to file all supporting papers with its motion. A motion to dismiss an appeal as moot will

9

generally be supported by evidence that is not part of the appellate record. Unlike attachments to briefs that are relevant to the substance of errors assigned on appeal, evidentiary support for a motion to dismiss an appeal need not be added to the appellate record.

Hallmark and Petersen contend this appeal should not be dismissed as moot because they objected to the trial court's basis for vacating its contempt orders and judgments and because this court can still meaningfully review the order denying their requests for awards of costs.

These appeals are moot with respect to the contempt judgments, the original object of the appeals. "A vacated judgment has no effect," and "[t]he rights of the parties are left as though the judgment had never been entered." *In re Marriage of Leslie*, 112 Wn.2d 612, 618, 772 P.2d 1013 (1989). Hallmark and Petersen objected to the trial court's reasons for vacating the orders and judgments, arguing that they should have been vacated because the underlying court order that required the accountings to be filed was not lawful. *E.g.*, Rep. of Proc. (Sept. 13, 2019) at 53, 55. They explained that the purpose of their response in opposition to the proposed orders was to make a record that they disagreed that the trial court had a lawful basis for ordering the accountings. *Id.* at 53, 55. That record has been made. This court can offer no other effective relief.

The appeal is not moot with respect to the orders denying Hallmark's and

10

No. 34236-1-III
*In re Guardianship of Mitchell, et al.*

Petersen's requests for awards of costs, because effective relief can be granted: if they successfully argue that the trial court erred in denying their requests, we can remand for entry of cost awards.

Accordingly, the motion to dismiss is granted in part and denied in part. We dismiss review of Hallmark's and Petersen's appeals of the contempt judgments. We deny the motion to dismiss their appeals of the cost orders.

II.     THE SUPERIOR COURT DID NOT ABUSE ITS DISCRETION IN REFUSING TO AWARD COSTS

The superior court denied Hallmark's and Petersen's requests for costs after concluding (1) neither the superior court nor the Monitoring Program are "parties" to the underlying proceedings; and (2) even if Hallmark and Petersen are parties, they are not "prevailing parties" because the superior court vacated the contempt orders and judgments on its own motion.

We review a decision denying costs for abuse of discretion. *Fluke Cap. & Mgmt. Servs. Co. v. Richmond*, 106 Wn.2d 614, 625, 724 P.2d 356 (1986); *Prosser Hill Coal. v. County of Spokane*, 176 Wn. App. 280, 292, 309 P.3d 1202 (2013). Discretion is abused when its exercise is manifestly unreasonable or based on untenable grounds or reasons. *T.S. v. Boy Scouts of Am.*, 157 Wn.2d 416, 423, 138 P.3d 1053 (2006). A discretionary decision is based on untenable grounds if the record does not support the court's findings; it is made for untenable reasons if the court applies the wrong legal standard or the facts

11

do not satisfy the correct standard; and it is manifestly unreasonable if, based on the facts and correct standard, it is outside the range of acceptable choices. *In re Parentage of Schroeder*, 106 Wn. App. 343, 349, 22 P.3d 1280 (2001).

     A.     RCW 4.84.010, 4.84.030, and 4.84.090: a "prevailing party" is one who recovers an affirmative judgment in his or her favor

Hallmark and Petersen's argument on the merits begins with RCW 4.84.030, which provides that "[i]n any action in the superior court . . . the prevailing party shall be entitled to his or her costs and disbursements." "[T]he term 'prevailing party' is not defined in the same manner in every statute." *AllianceOne Receivables Mgmt., Inc. v. Lewis*, 180 Wn.2d 389, 394, 325 P.3d 904 (2014). Determining who is a prevailing party "'depends upon the extent of the relief afforded the parties.'" *Prosser Hill Coal.*, 176 Wn. App. at 293 (quoting *Riss v. Angel*, 131 Wn.2d 612, 633, 934 P.2d 669 (1997)); *Durland v. San Juan County*, 174 Wn. App. 1, 25, 298 P.3d 757 (2012).

"In general, a prevailing party is one who receives an affirmative judgment in his or her favor." *Riss*, 131 Wn.2d at 633. This is the case for RCW 4.84.010 and RCW 4.84.030, and seemingly RCW 4.84.090 as well. *Burman v. State*, 50 Wn. App. 433, 445, 749 P.2d 708 (1988) (RCW 4.84.030); *Stout v. State*, 60 Wn. App. 527, 528, 803 P.2d 1352 (1991) (RCW 4.84.010); *see State ex rel. Lemon v. Coffin*, 52 Wn.2d 894, 896-97, 332 P.2d 1096 (1958) (stating "*By the terms of RCW 4.84.030*, the prevailing party is entitled as a matter of right . . . to other specific items as provided in RCW 4.84.090."

(emphasis added)).

Hallmark and Petersen did not receive affirmative judgments in their favor, so the trial court did not abuse its discretion by refusing to award them costs under RCW 4.84.010, .030, and .090.

B.      RCW 4.84.060: "Defendant" eligibility for costs

When a cost statute's prevailing party determination does not depend on receipt of an affirmative judgment, the determination turns on "whether the claimant meets the conditions of the specific statute" that authorizes the costs. *AllianceOne*, 180 Wn.2d at 394. Hallmark and Petersen also claim entitlement to costs under RCW 4.84.060. RCW 4.84.060 provides, "In all cases where costs and disbursements are not allowed to the *plaintiff*, the *defendant* shall be entitled to have judgment in his or her favor for the same." (Emphasis added.) Chapter 4.84 RCW does not define "plaintiff" or "defendant." The ordinary meaning of "plaintiff" is "[t]he party who brings a civil suit in a court of law"; the ordinary meaning of "defendant" is "[a] person sued in a civil proceeding or accused in a criminal proceeding." BLACK'S LAW DICTIONARY 1391, 528 (11th ed. 2019).

Hallmark and Petersen characterize the superior court as having brought 76 actions against them, making the superior court a "plaintiff" and making them "defendants" within the meaning of RCW 4.84.060. But the superior court plainly did

not bring a civil suit; in entering the contempt judgments, it was exercising its authority as a court to "impose a sanction for contempt of court under [chapter 7.21 RCW]." RCW 7.21.020. Hallmark and Petersen were plainly not being sued in a civil proceeding or accused in a criminal proceeding; they were being sanctioned as alleged contemnors.

The trial court did not abuse its discretion by refusing to award Hallmark and Petersen costs under RCW 4.84.060.

C.      RCW 4.84.250 and RCW 4.84.270: in "actions for damages," a defendant is a prevailing party only if there is an "entry of judgment" under which the plaintiff "recovers" nothing or less than was offered in settlement

Hallmark and Petersen also invoke RCW 4.84.250, the small claims statute, under which, as of 2019, a prevailing party can be taxed and allowed a reasonable attorney fee as part of the costs, "in any *action for damages* where *the amount pleaded* by the prevailing party as hereinafter defined" is less than $10,000. (Emphasis added.) RCW 4.84.270 provides that "[t]he defendant, or party resisting relief" shall be deemed the prevailing party for purposes of RCW 4.84.250 where "the plaintiff, or party seeking relief *in an action for damages*" recovers nothing, or the same or less than the amount offered it in settlement. (Emphasis added.) In its controlling decision in *AllianceOne*, the Washington Supreme Court held that "[w]ithout an entry of judgment by the court, there is no recovery and there can be no prevailing party under RCW 4.84.250 and .270." 180 Wn.2d at 396. *AllianceOne* holds that for a defendant or party resisting relief to

recover reasonable attorney fees under RCW 4.84.250, it must show "(1) the damages sought were equal to or less than $10,000, (2) [the defendant or party resisting relief] was deemed the prevailing party, and (3) there was an entry of judgment." *Id.* at 398. Because AllianceOne had voluntarily dismissed its collection action against Lewis, the Supreme Court held that Lewis failed the second and third requirements. *Id.* at 399.

These cases plainly did not involve an "action for damages"; they involved the imposition of remedial sanctions. *See* RCW 7.21.030. In addition, *AllianceOne* compels the conclusion that where the superior court vacated the contempt judgments on its own motion, there was no entry of judgment and no prevailing party. The trial court did not abuse its discretion by refusing to award Hallmark and Petersen a reasonable attorney fee under RCW 4.84.250 and .270.

D.     RCW 4.84.170: County liability where private parties would be liable

RCW 4.84.170 provides in relevant part that "[i]n all *actions prosecuted . . . in the name and for the use of any county . . .* the . . . county shall be liable for costs in the same case and to the same extent as private parties." (Emphasis added.) Similar to the inapplicability of RCW 4.84.060, the court's imposition of a remedial sanction for contempt is plainly not an "action prosecuted in the name and for the use of [the] county." Even if it were, Hallmark and Petersen would have to be able to point to the basis on which a private party would be liable for costs "in the same case and to the same

15

extent," which they fail to do.

The trial court did not abuse its discretion by refusing to award Hallmark and Petersen costs under RCW 4.84.170.

E.      RCW 4.84.080: Not a cost authorization provision

RCW 4.84.080 does not authorize an award of costs but merely sets the statutory attorney fee amount. This section "is given force [only] in the context of related rules." *AllianceOne*, 180 Wn.2d at 394.

F.      Due process

Finally, Hallmark and Petersen recount acts of alleged judicial misconduct below that they contend amount to violations of due process. The alleged acts and violations are untethered to any reasoned argument for costs that was advanced in the superior court. A party is not entitled to an award of costs as a matter of due process; recovery of costs is a matter of substance, not procedure, and "is purely a matter of statutory regulation." *Platts v. Arney*, 46 Wn.2d 122, 128, 278 P.2d 657 (1955) (citing *State ex rel. Fosburgh v. Ronald*, 25 Wn.2d 276, 277, 170 P.2d 865 (1946)). We have reviewed and rejected all of the statutory bases on which Hallmark and Petersen claim to be entitled to costs. Their "'naked castings into the constitutional seas are not sufficient to command judicial consideration and discussion.'" *State v. Johnson*, 179 Wn.2d 534, 558, 315 P.3d 1090 (2014) (quoting *State v. Blilie*, 132 Wn.2d 484, 493 n.2, 939 P.2d 691 (1997)).

16

No. 34236-1-III
*In re Guardianship of Mitchell, et al.*

We dismiss the appeals of the contempt judgments as moot. We affirm the trial

court's orders denying Hallmark's and Petersen's requests for cost awards.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to RCW

2.06.040.

_____
Siddoway, J.

WE CONCUR:


_____
Lawrence-Berrey, A.C.J.


_____
Staab, J.

17

# Appendix

## Guardianship of:

| Last Name | First Name | Trial Court # | COA # |
|---|---|---|---|
| Blair | Krista L. | 10-4-01235-6 | 343111 |
| Bowen | Ernest | 97-4-00967-9 | 342735 |
| Bowers | Richard | 02-4-00989-3 | 342956 |
| Boyd | Cleora K. | 12-4-01327-8 | 342883 |
| Brangwin | Linda S. | 00-4-9437-6 | 342875 |
| Campbell | David P. | 11-4-00044-5 | 342514 |
| Carey | Anna | 08-4-00665-6 | 343031 |
| Collier | Jared | 10-4-01013-2 | 343103 |
| Cornelius | Carisa M. | 05-4-00548-5 | 342972 |
| Dean | Christopher | 06-4-01476-8 | 342484 |
| Demary | Sarah | 08-4-01645-7 | 342891 |
| Desjardins | Catherine | 10-4-00727-1 | 342816 |
| Eberhart | Steven | 12-4-00510-1 | 342841 |
| Eisenman | Aaron Cory | 07-4-00293-8 | 342476 |
| Elvidge | Portia | 06-4-00102-0 | 343006 |
| Fairbanks | Lynn | 10-4-00531-7 | 343090 |
| Fenske | Michael | 11-4-04556-6 | 342531 |
| Foster | Marlo | 95-4-01412-9 | 342727 |
| Friesen | Marlene | 02-4-00384-4 | 342948 |
| Garcia | Alejandro | 11-4-00300-2 | 342824 |
| Gehring | Ron | 01-4-00294-7 | 342671 |
| Getchell | Thomas | 01-4-01342-6 | 342581 |
| Harmon | Jessica | 03-4-00764-3 | 342964 |
| Harrington | Bart | 13-4-00268-1 | 342379 |
| Harris | Robert D. | 05-4-01384-4 | 342999 |
| Hartley | Rex Lee NKA Jonathan Hartley | 01-4-00821-0 | 342905 |
| Higgins | Teresa C. nka Teresa Horan | 12-4-00250-1 | 342565 |
| Hood | Michaele | 13-4-00267-3 | 342387 |
| Hopper | Margorie K. | 12-4-00511-9 | 342425 |
| House | Connie L. | 12-4-01004-0 | 342697 |
| Jenkins | Bertha L. | 12-4-00690-5 | 342417 |
| Loss | Robert E. | 02-4-01201-1 | 342557 |
| Love | June | 94-4-00022-7 | 342719 |
| Mally | Bella | 08-4-00968-0 | 342794 |
| Martin | Helen | 06-4-01260-9 | 343014 |
| McCoy | Murphy | 12-4-00405-8 | 342590 |
| McDirmid | Margaret | 12-4-00964-5 | 342654 |
| McLellan | Malcom D. | 97-4-01092-8 | 342603 |
| McMorris | Carl | 12-4-01005-8 | 342409 |
| Melton | Bernetta | 97-4-01239-4 | 342751 |
| Miller | Thomas | 05-4-01226-1 | 342506 |
| Mitchell | Donald Raymond *** | 00-4-09873-4 | 342361 |
| Moore | Sharon Westerman | 14-4-00950-1 | 342689 |
| Morales | Gustavo | 12-4-01459-2 | 342662 |
| Morales | Ruth | 12-4-00610-7 | 342646 |

No. 34236-1-III
*In re Guardianship of Mitchell, et al.*
Appendix

**Guardianship of:**

| Last Name | First Name | Trial Court # | COA # |
|---|---|---|---|
| Morris | Rosalind Elena | 07-4-00944-4 | 343022 |
| Nalley | Clayton | 09-4-00820-7 | 343049 |
| Naylor | Joseph H. | 12-4-00677-8 | 342859 |
| Nichols | Louise. L. | 09-4-01110-1 | 343057 |
| Olson | H. Kurt | 10-4-00513-9 | 343081 |
| Oppengaard | Barbara A. | 03-4-01220-5 | 342760 |
| Palmer | Lewis | 08-4-00098-4 | 342441 |
| Pitner | Sharon Louise | 88-4-01012-1 | 342930 |
| Rivero | Lucas F. | 07-4-01357-3 | 342786 |
| Sanford | Holly **** | 92-4-00006-9 | 342701 |
| Shaw | Janet Lynn | 96-4-01378-3 | 342620 |
| Slater | Nehemiah Daniel | 02-4-01155-3 | 342913 |
| Smelcer | Judd | 09-4-01453-3 | 343073 |
| Smith | Joan S. | 12-4-00998-0 | 342867 |
| Stanich | Leslie | 12-4-00381-7 | 342832 |
| Sternberg | Kristen Patrice | 12-4-01415-1 | 342395 |
| Stocker | Nanci Jo | 07-4-00756-5 | 342450 |
| Storrud | Elvella | 06-4-01226-9 | 342492 |
| Sullivan | Margaret L. | 12-4-00181-4 | 342549 |
| Trimble | Jared | 12-4-00509-7 | 342611 |
| Tuckerman | Robert W. | 12-4-00311-6 | 342573 |
| Underwood | Arthur | 98-4-00390-3 | 342743 |
| Vingo | Betty | 12-4-00595-0 | 342638 |
| Vogel | Donna | 10-4-01437-5 | 342468 |
| Wesselman | Dawn | 08-4-00910-8 | 342981 |
| White | Ralph Carl | 09-4-00282-9 | 342808 |
| Williams | Jeffery R. | 88-4-00487-2 | 343201 |
| Withers | Walter L. | 04-4-00274-7 | 342522 |
| Wright | Mary E. | 02-4-00316-0 | 342921 |
| Zauner | Linda | 06-4-01018-5 | 342778 |
| Zingale | James | 09-4-00704-9 | 342433 |

No. 34236-1-III
*In re Guardianship of Mitchell, et al.*
Appendix

# Exhibit A

No. 34236-1-III
*In re Guardianship of Mitchell, et al.*
Appendix

WORKING COPY

FILED
March 14, 2016
Court of Appeals
Division III
State of Washington

**IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR SPOKANE COUNTY**

| In re the Guardianship(s) of | Cause No. |
|---|---|
| 1. Donald R. Mitchell | 04-09873-4 |
| 2. Bart Harrington | 13-04-00268-1 |
| 3. Michaele Hood | 13-04-00267-3 |
| 4. Kirsten P Sternberg | 12-04-01415-1 |
| 5. Carl McMorris | 12-04-01005-8 |
| 6. Bertha L Jenkins | 12-04-00690-5 |
| 7. Marjorie K Hopper | 12-04-00511-9 |
| 8. James Zingale | 09-04-00704-9 |
| 9. Lewis Palmer | 08-04-00098-4 |
| 10. Nanci Jo Stocker | 07-04-00756-5 |
| 11. Aaron Corey Eisenman | 07-04-00293-8 |
| 12. Christopher Dean | 06-04-01476-8 |
| 13. Elvella Storrud | 06-04-01226-9 |
| 14. Thomas Miller | 05-04-01226-1 |
| 15. Walter L Withers | 04-04-00274-7 |
| 16. Robert E Loss | 02-04-01201-1 |
| 17. Thomas Getchell | 01-04-01342-6 |
| 18. Malcolm McLellan | 97-04-01092-8 |
| 19. Janet L Shaw | 96-04-01378-3 |
| 20. Ron Gehring | 01-04-00294-7 |
| 21. Jonathan Hartley | 01-04-00821-0 |
| 22. Mary E Wright | 02-04-00316-0 |
| 23. Marlene Friesen | 02-04-00384-4 |
| 24. Richard E. Bowers | 02-04-00989-3 |
| 25. Jessica Harmon | 03-04-00764-3 |
| 26. Carisa M. Cornelius | 05-04-00548-5 |

FILED

FEB 1 1 2016

Timothy W. Fitzgerald
SPOKANE COUNTY CLERK

Page 1 of 6

LAW OFFICE OF JOHN PIERCE, P.S.
505 W. RIVERSIDE AVE., STE 518
SPOKANE, WA 99201
TELEPHONE: (509) 210-0845
TELEFAX: (509) 267-0814

WORKING COPY

**IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR SPOKANE COUNTY**

| In re the Guardianship(s) of | Cause No. |
|---|---|
| 27. Robert D Harris | 05-04-01384-4 |
| 28. Portia Elvidge | 06-04-00102-0 |
| 29. Helen Martin | 06-04-01260-9 |
| 30. Rosalind Morris | 07-04-00944-4 |
| 31. Anna Carey | 08-04-00665-6 |
| 32. Clayton Nalley | 09-04-00820-7 |
| 33. Louise Nichols | 09-04-01110-1 |
| 34. Judd Smelcer | 09-04-01453-3 |
| 35. H Kurt Olson | 10-04-00513-9 |
| 36. Lynn Fairbanks | 10-04-00531-7 |
| 37. Jared Collier | 10-04-01013-2 |
| 38. Krista Blair | 10-04-01235-6 |
| 39. Donna Vogel | 10-04-01437-5 |
| 40. David P Campbell | 11-04-00044-5 |
| 41. Michael Fenske | 11-04-01556-6 |
| 42. Margaret Sullivan | 12-04-00181-4 |
| 43. Teresa Horan (Higgins) | 12-04-00250-1 |
| 44. Robert Tuckerman | 12-04-00311-6 |
| 45. Murphy McCoy | 12-04-00405-8 |
| 46. Jared Trimble | 12-04-00509-7 |
| 47. Betty Vingo | 12-04-00595-0 |
| 48. Ruth Morales | 12-04-00610-7 |
| 49. Margaret McDirmid | 12-04-00964-5 |
| 50. Gustavo Morales | 12-04-01459-2 |
| 51. Sharon Moore | 14-04-00950-1 |
| 52. Connie House | 12-04-01004-0 |

LAW OFFICE OF JOHN PIERCE, P.S.
505 W. RIVERSIDE AVE., STE 518
SPOKANE, WA 99201
TELEPHONE: (509) 210-0845
TELEFAX: (509) 267-0814

No. 34236-1-III
*In re Guardianship of Mitchell, et al.*
Appendix

WORKING COPY

## IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
## IN AND FOR SPOKANE COUNTY

| In re the Guardianship(s) of | Cause No. |
|---|---|
| 53. Holly Sanford | 92-04-00006-9 |
| 54. June I Love | 94-04-00022-7 |
| 55. Marlo Foster | 95-04-01412-9 |
| 56. Ernest Bowen | 97-04-00967-9 |
| 57. Arthur Underwood | 98-04-00390-3 |
| 58. Bernetta Melton | 97-04-01239-4 |
| 59. Barbara A Oppegaard | 03-04-01220-5 |
| 60. Linda Zauner | 06-04-01018-5 |
| 61. Lucas F. Rivero | 07-04-01357-3 |
| 62. Bella Mally | 08-04-00968-0 |
| 63. Ralph C White | 09-04-00282-9 |
| 64. Catherine Desjardins | 10-04-00727-1 |
| 65. Alejandro Garcia | 11-04-00300-2 |
| 66. Leslie Stanich | 12-04-00381-7 |
| 67. Steven Eberhart | 12-04-00510-1 |
| 68. Joseph Naylor | 12-04-00677-8 |
| 69. Joan Smith | 12-04-00998-0 |
| 70. Jeffrey R. Williams | 00-04-01277-4 |
| 71. Linda Brangwin* | 4-94376 |
| 72. Cleora Boyd* | 12-04-01327-8 |
| 73. Sarah DeMary* | 08-04-01645-7 |
| 74. Nehemiah Slater* | 02-04-01155-3 |
| 75. Sharon Louise Pitner* | 88-04-01012-1 |
| 76. Dawn Wesselman* | 08-04-00910-8 |

Law Office of John Pierce, P.S.
505 W. Riverside Ave., Ste 518
Spokane, WA 99201
Telephone: (509) 210-0845
Telefax: (509) 267-0814

WORKING COPY

**IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR SPOKANE COUNTY**

In re the Guardianship(s) of

*See Attached*

**NOTICE OF APPEAL
TO COURT OF APPEALS (DIV. III)**

**NOTICE OF APPEAL to TO COURT OF APPEALS (DIV. III)**

Hallmark Care Services, Inc. d.b.a Castlemark Guardianship and Trusts, CPG# 5128;

Hallmark Care Services, Inc. d.b.a. Eagle Guardianship and Professional Services, CPG# 5132;

and, Lori Petersen , seek review by the designated appellate court of the following decisions of

the Superior Court:

Final "Judgment" entered on January 19, 2016 (postmarked/mailed January 20, 2016)

The above-listed cases were commenced together, tried together, and are appealed as a

single action. As such, only one filing fee need be paid pursuant to RAP 5.1(b).

Dated this 11th day of February, 2016.

By: _____
JOHN PIERCE, WSBA # 38722
LAW OFFICE OF JOHN PIERCE, P.S.
Attorney for Appellant CPG Respondents

LAW OFFICE OF JOHN PIERCE, P.S.
505 W. RIVERSIDE AVE., STE 518
SPOKANE, WA 99201
TELEPHONE: (509) 210-0845
TELEFAX: (509) 267-0814

No. 34236-1-III
*In re Guardianship of Mitchell, et al.*
Appendix

WORKING COPY

**CERTIFICATE OF MAILING**

I certify that a copy of the foregoing documents were delivered by First Class Mail, Postage Pre-paid , and addressed to the following:

Safe Haven Guardianship Agency, LLC
921 W. Broadway, Ste. 301
Spokane, WA 99201

Kelly B. Moore
Moore Guardianship Services
5008 N. Lee St.
Spokane, WA 99201

Special Notice Requested

James Sternberg
5211 Navajo Trail
Pickney, MI 48169

Lawrence Garvin
Attorney at Law
601 W. Main Ave., Ste 714
Spokane, WA 99201

Paul L. Calabro
Attorney at Law
309 S. Liberty Lake Rd., #2
Liberty Lake, WA 99019

Winston Cook
Cook Guardianship Services
520 N. Grant Ave
Medical Lake, WA 99022

Jody Schierman
PO Box 11501
Spokane Valley, WA 99201

Peggy Bureta
3012 W. Fairview Ave.
Spokane, WA 99205

Charmaine Getchell
618 S. Jefferson, #4
Spokane, WA 99204

Lin O'Dell
PO Box 9898
Spokane, WA 99209

Amanda Witthauer
921 W Broadway Ste 204
Spokane, WA 99201

James Spurgetis
422 W Riverside Ave., Ste. 620
Spokane, WA 99201

Janice Burke
PO Box 3384
Yakima, WA 98903

Kristi Kilbourne
Paladin Services LLC
8511 E Sprague Ave.
Spokane Valley, WA 99212

Constance O'Hara
816 W Francis Ste 382
Spokane, WA 99205

Leslie A Bening
518 S. Windswept Trial
Post Falls, ID 83854

Thea A Skomo
Assurance Guardianship Service
1314 S. Grand, Ste. 2, PMB 278
Spokane, WA 99202

LAW OFFICE OF JOHN PIERCE, P.S.
505 W. RIVERSIDE AVE., STE 518
SPOKANE, WA 99201
TELEPHONE: (509) 210-0845
TELEFAX: (509) 267-0814

No. 34236-1-III
*In re Guardianship of Mitchell, et al.*
Appendix

WORKING COPY

Judith K Robertson
Training and Guardianship Services
PO Box 30008
Spokane, WA 99224

Wanda Powers
2311 E Bismark
Spokane, WA 99208

Evelyn Blackman
3317 E Fairview
Spokane, WA 99219

Special Notice Requested

Marci Arthur
Division of Develop Disabilities
1611 W Indiana
Spokane, WA 99205

Special Notice Requested

cc:     Spokane Guardianship Monitoring Program.

Dated this 11th day of February, 2016.

By: _____
John Pierce

Law Office of John Pierce, P.S.
505 W. Riverside Ave., Ste 518
Spokane, WA 99201
Telephone: (509) 210-0845
Telefax: (509) 267-0814

No. 34236-1-III
*In re Guardianship of Mitchell, et al.*
Appendix

WORKING COPY

(Copy Receipt) | (Clerk's Date Stamp)

**SUPERIOR COURT OF WASHINGTON**
**COUNTY OF SPOKANE**

In Re the Guardianship of:

Donald Mitchell

An Incapacitated Person

CASE NO. 4-9873-4

**JUDGMENT SUMMARY**
**(JDSUM)**

**Clerk's Action Required**

## JUDGMENT SUMMARY

1. Judgment Creditor(s): Spokane County

2. Judgment Debtor(s): [ ] Lori Peterson
   [X] Castlemark Guardianship
   [ ] Eagle Guardianship
   [ ] Empire Guardianship
   [ ] Hallmark Guardianship

3. Principal Judgment Amount:      $ 228.00

4. Interest to Date of Judgment:   $ 0

5. Attorney Fees:                  $ 0

6. Costs:                          $ 0

JUDGMENT SUMMARY (10/01)                    Page 1 of 2

WORKING COPY

7.  The principal judgment amount shall accrue interest at 12% per year.

8.  Attorney for Judgment Creditor(s): n/a

9.  Attorney for Judgment Debtor(s): John Pierce

Dated: __1/19/16__    Signed: _____
JUDGE/COURT COMMISSIONER

JUDGMENT SUMMARY (10/01)
Page 2 of 2

No. 34236-1-III
*In re Guardianship of Mitchell, et al.*
Appendix

FILED

JAN 2 0 2016

Timothy W. Fitzgerald
SPOKANE COUNTY CLERK

(Copy Receipt)                                    (Clerk's Date Stamp)

**SUPERIOR COURT OF WASHINGTON
COUNTY OF SPOKANE**

In Re the Guardianship of:

Donald Mitchell

An Incapacitated Person

CASE NO. 4-9873-4

**JUDGMENT SUMMARY
(JDSUM)**

**Clerk's Action Required**

## JUDGMENT SUMMARY

1.  Judgment Creditor(s): Spokane County

2.  Judgment Debtor(s): [ ] Lori Peterson
    [X] Castlemark Guardianship
    [ ] Eagle Guardianship
    [ ] Empire Guardianship
    [ ] Hallmark Guardianship

3.  Principal Judgment Amount:        $ 228.00

4.  Interest to Date of Judgment:     $ 0

5.  Attorney Fees:                    $ 0

6.  Costs:                            $ 0

**16900464-4**

JUDGMENT SUMMARY (10/01)                         Page 1 of 2

7.  The principal judgment amount shall accrue interest at 12% per year.

8.  Attorney for Judgment Creditor(s): n/a

9.  Attorney for Judgment Debtor(s): John Pierce

Dated: 1/19/16          Signed: _____
                                 JUDGE/COURT COMMISSIONER

FILED

JAN 2 0 2016

Timothy W. Fitzgerald
SPOKANE COUNTY CLERK

(Copy Receipt)                                        (Clerk's Date Stamp)



**SUPERIOR COURT OF
WASHINGTON
COUNTY OF SPOKANE**

98734 —

| In the Guardianship of: | CASE NO. |
|---|---|
| 1. Sharon Louise Pitner, | 1. 88-4-01012-1 |
| 2. Ron Gehring; | 2. 01-4-00294-7 |
| 3. Rex Lee Hartley; | 3. 01-4-00821-0 |
| 4. Mary E. Wright; | 4. 02-4-00316-0 |
| 5. Marlene Friesen; | 5. 02-4-00384-4 |
| 6. Richard E. Bowers; | 6. 02-4-00989-3 |
| 7. Jessica Harmon; | 7. 03-4-00764-3 |
| 8. Carisa M. Cornelius; | 8. 05-4-00548-5 |
| 9. Robert D. Harris; | 9. 05-4-01384-4 |
| 10. Portia Elvidge; | 10. 06-4-00102-0 |
| 11. Helen Martin; | 11. 06-4-01260-9 |
| 12. Rosalind Morris; | 12. 07-4-00944-4 |
| 13. Anna Carey; | 13. 08-4-00665-6 |
| 14. Dawn Wesselman; | 14. 08-4-00910-8 |
| 15. Clayton Nalley; | 15. 09-4-00820-7 |
| 16. Louise Nichols; | 16. 09-4-01110-1 |
| 17. Judd Smelcer; | 17. 09-4-01453-3 |
| 18. H. Kurt Olson; | 18. 10-4-00513-9 |
| 19. Lynn Fairbanks; | 19. 10-4-00531-7 |
| 20. Jared Collier; | 20. 10-4-01013-2 |
| 21. Krista Blair; | 21. 10-4-01235-6 |
| 22. Donna Vogel; | 22. 10-4-01437-5 |
| 23. David Campbell; | 23. 11-4-00044-5 |
| 24. Michael Fenske; | 24. 11-4-01556-6 |
| 25. Margaret Sullivan; | 25. 12-4-00181-4 |
| 26. Teresa Higgins; | 26. 12-4-00250-1 |
| 27. Robert W. Tuckerman; | 27. 12-4-00311-6 |

| | |
|---|---|
| 28. Murphy McCoy; | 28. 12-4-00405-8 |
| 29. Jared Trimble; | 29. 12-4-00509-7 |
| 30. Betty Vingo; | 30. 12-4-00595-0 |
| 31. Ruth Morales; | 31. 12-4-00610-7 |
| 32. Margaret McDirmid; | 32. 12-4-00964-5 |
| 33. Gustavo Morales; | 33. 12-4-01459-2 |
| 34. Sharon Moore; | 34. 14-4-00950-1 |
| 35. Jeffrey R. Williams; | 35. 88-4-00487-2 |
| 36. Holly Mae Sanford; | 36. 92-4-00006-9 |
| 37. June Love; | 37. 94-4-00022-7 |
| 38. Marlo Foster; | 38. 95-4-01412-9 |
| 39. Ernest Bowen; | 39. 97-4-00967-9 |
| 40. Bernetta E. Melton; | 40. 97-4-01239-4 |
| 41. Arthur Underwood; | 41. 98-4-00390-3 |
| 42. Barbara A. Oppegaard; | 42. 03-4-01220-5 |
| 43. Linda Zauner; | 43. 06-4-01018-5 |
| 44. Lucas Rivero; | 44. 07-4-01357-3 |
| 45. Bella Mally; | 45. 08-4-00968-0 |
| 46. Ralph C. White; | 46. 09-4-00282-9 |
| 47. Catherine Desjardins; | 47. 10-4-00727-1 |
| 48. Alejandro Garcia; | 48. 11-4-00300-2 |
| 49. Leslie Stanich; | 49. 12-4-00381-7 |
| 50. Steven Eberhart; | 50. 12-4-00510-1 |
| 51. Joseph Naylor; | 51. 12-4-00677-8 |
| 52. Joan S. Smith; | 52. 12-4-00998-0 |
| 53. Connie L. House; | 53. 12-4-01004-0 |
| 54. Janet L. Shaw | 54. 96-4-01378-3 |
| 55. Malcolm McLellan | 55. 97-4-01092-8 |
| 56. Thomas Getchell | 56. 01-4-01342-6 |
| 57. Robert Loss | 57. 02-4-01201-1 |
| 58. Walter L. Withers | 58. 04-4-00274-7 |
| 59. Thomas Miller Jr. | 59. 05-4-01226-1 |
| 60. Elvella Storrud | 60. 06-4-01226-9 |
| 61. Christopher Dean | 61. 06-4-01476-8 |

\

| | |
|---|---|
| 62. Aaron Eisenman | 62. 07-4-00293-8 |
| 63. Nanci J. Stocker | 63. 07-4-00756-5 |
| 64. Lewis Palmer | 64. 08-4-00098-4 |
| 65. James Zingale | 65. 09-4-00704-9 |
| 66. Marjorie K. Hopper | 66. 12-4-00511-9 |
| 67. Bertha Jenkins | 67. 12-4-00690-5 |
| 68. Carl McMorris | 68. 12-4-01005-8 |
| 69. Kirsten Sternberg | 69. 12-4-01415-1 |
| 70. Michaele Hood | 70. 13-4-00267-3 |
| 71. Bart Harrington | 71. 13-4-00268-1 |
| 72. Donald Mitchell | 72. 4-98734 |
| 73. Nehemiah Slater | 73. 02-4-01155-3 |
| 74. Sarah DeMary | 74. 08-4-01645-7 |
| 75. Cleora Boyd | 75. 12-4-01327-8 |
| 76. Linda Brangwin | 76. 4-94376 |
| | |
| | ORDER ON CONTEMPT REVIEW |
| | (AFSR) |

THIS MATTER came before the court on a review of Order on Contempt which was entered October 29, 2015.

## I. FINDINGS

The court finds that this matter was set before Commissioner Grovdahl on January 13, 2016, at 9:00 a.m. in Courtroom 306 pursuant to the Order on Contempt dated October 29, 2015. That at that place and time neither the Respondents nor their attorney appeared. That the court inquired of the staff members who were present from the Guardianship Monitoring Program and they indicated that there had been no accountings filed by the Respondents since the entry of the Order which compelled the same. The court finds that the Respondents continue to be in contempt and that to date pursuant to the October 29, 2015 order provisions, they have been in non-compliance 76 days for each of the above-referenced cases at $3.00

per day for each case for a total of $228 per case. That judgment should enter for such amount on each case as of January 13, 2016. Until the Order on Contempt is complied with that there shall continue to be assessed a monetary penalty.

## II. ORDER

It is hereby ORDERED that judgment herein be entered for each of the above cases in the amount of $228.00 for the period from October 29, 2015 through January 13, 2016.

**DATED** this 19th day of January, 2016.

_____
JUDGE/COURT COMMISSIONER

CN: 498734

**SN: 247**

PC: 9

FILED
Court of Appeals
Division III
State of Washington
10/24/2019 10:39 AM

FILED

OCT 08 2019

Timothy W. Fitzgerald
SPOKANE COUNTY CLERK

## IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
## IN AND FOR SPOKANE COUNTY

| In re the Guardianship(s) of | Cause No. |
|---|---|
| 1. Donald R. Mitchell | 04-09873-4 |
| 2. Bart Harrington | 13-04-00268-1 |
| 3. Michaele Hood | 13-04-00267-3 |
| 4. Kirsten P Sternberg | 12-04-01415-1 |
| 5. Carl McMorris | 12-04-01005-8 |
| 6. Bertha L Jenkins | 12-04-00690-5 |
| 7. Marjorie K Hopper | 12-04-00511-9 |
| 8. James Zingale | 09-04-00704-9 |
| 9. Lewis Palmer | 08-04-00098-4 |
| 10. Nanci Jo Stocker | 07-04-00756-5 |
| 11. Aaron Corey Eisenman | 07-04-00293-8 |
| 12. Christopher Dean | 06-04-01476-8 |
| 13. Elvella Storrud | 06-04-01226-9 |
| 14. Thomas Miller | 05-04-01226-1 |
| 15. Walter L Withers | 04-04-00274-7 |
| 16. Robert E Loss | 02-04-01201-1 |
| 17. Thomas Getchell | 01-04-01342-6 |
| 18. Malcolm McLellan | 97-04-01092-8 |
| 19. Janet L Shaw | 96-04-01378-3 |
| 20. Ron Gehring | 01-04-00294-7 |
| 21. Jonathan Hartley | 01-04-00821-0 |
| 22. Mary E Wright | 02-04-00316-0 |
| 23. Marlene Friesen | 02-04-00384-4 |
| 24. Richard E. Bowers | 02-04-00989-3 |
| 25. Jessica Harmon | 03-04-00764-3 |
| 26. Carisa M. Cornelius | 05-04-00548-5 |

LAW OFFICE OF JOHN PIERCE, P.S.
505 W. RIVERSIDE AVE., STE 518
SPOKANE, WA 99201
TELEPHONE: (509) 210-0845
TELEFAX: (509) 267-0814

**IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR SPOKANE COUNTY**

| In re the Guardianship(s) of | Cause No. |
|---|---|
| 27. Robert D Harris | 05-04-01384-4 |
| 28. Portia Elvidge | 06-04-00102-0 |
| 29. Helen Martin | 06-04-01260-9 |
| 30. Rosalind Morris | 07-04-00944-4 |
| 31. Anna Carey | 08-04-00665-6 |
| 32. Clayton Nalley | 09-04-00820-7 |
| 33. Louise Nichols | 09-04-01110-1 |
| 34. Judd Smelcer | 09-04-01453-3 |
| 35. H Kurt Olson | 10-04-00513-9 |
| 36. Lynn Fairbanks | 10-04-00531-7 |
| 37. Jared Collier | 10-04-01013-2 |
| 38. Krista Blair | 10-04-01235-6 |
| 39. Donna Vogel | 10-04-01437-5 |
| 40. David P Campbell | 11-04-00044-5 |
| 41. Michael Fenske | 11-04-01556-6 |
| 42. Margaret Sullivan | 12-04-00181-4 |
| 43. Teresa Horan (Higgins) | 12-04-00250-1 |
| 44. Robert Tuckerman | 12-04-00311-6 |
| 45. Murphy McCoy | 12-04-00405-8 |
| 46. Jared Trimble | 12-04-00509-7 |
| 47. Betty Vingo | 12-04-00595-0 |
| 48. Ruth Morales | 12-04-00610-7 |
| 49. Margaret McDirmid | 12-04-00964-5 |
| 50. Gustavo Morales | 12-04-01459-2 |
| 51. Sharon Moore | 14-04-00950-1 |
| 52. Connie House | 12-04-01004-0 |

LAW OFFICE OF JOHN PIERCE, P.S.
505 W. RIVERSIDE AVE., STE 518
SPOKANE, WA 99201
TELEPHONE: (509) 210-0845
TELEFAX: (509) 267-0814

**IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR SPOKANE COUNTY**

| In re the Guardianship(s) of | Cause No. |
|---|---|
| 53. Holly Sanford | 92-04-00006-9 |
| 54. June I Love | 94-04-00022-7 |
| 55. Marlo Foster | 95-04-01412-9 |
| 56. Ernest Bowen | 97-04-00967-9 |
| 57. Arthur Underwood | 98-04-00390-3 |
| 58. Bernetta Melton | 97-04-01239-4 |
| 59. Barbara A Oppegaard | 03-04-01220-5 |
| 60. Linda Zauner | 06-04-01018-5 |
| 61. Lucas F. Rivero | 07-04-01357-3 |
| 62. Bella Mally | 08-04-00968-0 |
| 63. Ralph C White | 09-04-00282-9 |
| 64. Catherine Desjardins | 10-04-00727-1 |
| 65. Alejandro Garcia | 11-04-00300-2 |
| 66. Leslie Stanich | 12-04-00381-7 |
| 67. Steven Eberhart | 12-04-00510-1 |
| 68. Joseph Naylor | 12-04-00677-8 |
| 69. Joan Smith | 12-04-00998-0 |
| 70. Jeffrey R. Williams | 88-4-004872 |
| 71. Linda Brangwin* | 4-94376 |
| 72. Cleora Boyd* | 12-04-01327-8 |
| 73. Sarah DeMary* | 08-04-01645-7 |
| 74. Nehemiah Slater* | 02-04-01155-3 |
| 75. Sharon Louise Pitner* | 88-04-01012-1 |
| 76. Dawn Wesselman* | 08-04-00910-8 |

Law Office of John Pierce, P.S.
505 W. Riverside Ave., Ste 518
Spokane, WA 99201
Telephone: (509) 210-0845
Telefax: (509) 267-0814

**IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR SPOKANE COUNTY**

In re the Guardianship(s) of

**DONALD RAYMOND MITCHELL, et
al.**

No. 342361

**NOTICE OF APPEAL
TO COURT OF APPEALS (DIV. III)**

**NOTICE OF APPEAL to TO COURT OF APPEALS (DIV. III)**

Hallmark Care Services, Inc. d.b.a Castlemark Guardianship and Trusts, CPG# 5128;

Hallmark Care Services, Inc. d.b.a. Eagle Guardianship and Professional Services, CPG# 5132;

and, Lori Petersen , seek review by the designated appellate court of the following decisions of

the Superior Court:

Final "Order", denying Defendants' motion for statutory fees and costs as prevailing

party, entered on September 24, 2019 (postmarked/mailed September 24, 2019 with no

service parties listed).

The above-listed cases were commenced together, tried together, and are appealed as a

single action, consolidated under the caption above. RAP 3.3. Appellants are filing a single

notice for all consolidated cases pursuant to RAP 5.3(e)

Dated this 8th day of October, 2019.

By:

JOHN PIERCE, WSBA # 38722
LAW OFFICE OF JOHN PIERCE, P.S.
Attorney for Appellant/ CPG Respondents

LAW OFFICE OF JOHN PIERCE, P.S.
505 W. RIVERSIDE AVE., STE 518
SPOKANE, WA 99201
TELEPHONE: (509) 210-0845
TELEFAX: (509) 267-0814

.

.

**CERTIFICATE OF MAILING**

I certify that a copy of the foregoing documents were delivered by First Class Mail, Postage Pre-paid , and addressed to the following:

Steve Kinn                               [ ] First Class Mail, Postage Pre-paid
Spokane County Prosecutor's Office      [ ] Hand Delivered
Civil Department                          [ ] Overnight Mail
1115 W. Broadway Ave.                 [ ] Telecopy (fax)
Spokane, WA 99260

Dated this 8th day of October, 2019.

John Pierce, Atty for Appellants

LAW OFFICE OF JOHN PIERCE, P.S.
505 W. RIVERSIDE AVE., STE 518
SPOKANE, WA 99201
TELEPHONE: (509) 210-0845
TELEFAX: (509) 267-0814

COPY
ORIGINAL FILED

SEP 2 4 2019

SPOKANE COUNTY CLERK

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF SPOKANE

| Re: Guardianships/Trusts of: | | |
|---|---|---|
| Sharon Louise Pitner | Cause No. 88-4-01012-1 | |
| Ron Gehring | Cause No. 01-4-00294-7 | |
| Rex Lee Hartley | Cause No. 01-4-00821-0 | |
| Mary E. Wright | Cause No. 02-4-00316-0 | |
| Marlene Friesen | Cause No. 02-4-00384-4 | |
| Richard E. Bowers | Cause No. 02-4-00989-3 | |
| Jessica Harmon | Cause No. 03-4-00764-3 | |
| Carisa M. Cornelius | Cause No. 05-4-00548-5 | |
| Robert D. Harris | Cause No. 05-4-01384-4 | **ORDER RE:** |
| Portia Elvidge | Cause No. 06-4-00102-0 | **STATUTORY FEES** |
| Helen Martin | Cause No. 06-4-01260-9 | **AND COSTS** |
| Rosalind Morris | Cause No. 07-4-00944-4 | |
| Anna Carey | Cause No. 08-4-00910-8 | |
| Dawn Wesselman | Cause No. 08-4-00910-8 | |
| Clayton Nalley | Cause No. 09-4-00820-7 | |
| Louise Nichols | Cause No. 09-4-01110-1 | |
| Judd Smelcer | Cause No. 09-4-01453-3 | |
| H. Kurt Olson | Cause No. 10-4-00513-9 | |
| Lynn Fairbanks | Cause No. 10-4-00531-7 | |
| Jared Collier | Cause No. 10-4-01013-2 | |
| Krista Blair | Cause No. 10-4-01235-6 | |
| Donna Vogel | Cause No. 10-4-01437-5 | |
| David Campbell | Cause No. 11-4-00044-5 | |
| Michael Fenske | Cause No. 11-4-01556-6 | |
| Margaret Sullivan | Cause No. 12-4-00181-4 | |
| Teresa Higgins | Cause No. 12-4-00250-1 | |
| Robert W. Tuckerman | Cause No. 12-4-00311-6 | |
| Murphy McCoy | Cause No. 12-4-00405-8 | |
| Jared Trimble | Cause No. 12-4-00509-7 | |
| Betty Vingo | Cause No. 12-4-00595-0 | |
| Ruth Morales | Cause No. 12-4-00610-7 | |

**ORDER**
Page 1 of 4

| | |
|---|---|
| Margaret McDirmid | Cause No. 12-4-00964-5 |
| Gustavo Morales | Cause No. 12-4-01459-2 |
| Sharon Moore | Cause No. 14-4-00950-1 |
| Jeffrey R. Williams | Cause No. 88-4-00487-2 |
| Holly Mae Sanford | Cause No. 92-4-00006-9 |
| June Love | Cause No. 94-4-00022-7 |
| Marlo Foster | Cause No. 95-4-01412-9 |
| Ernest Bowen | Cause No. 97-4-00967-9 |
| Bernetta E. Melton | Cause No. 97-4-01239-4 |
| Arthur Underwood | Cause No. 98-4-00390-3 |
| Barbara A. Oppegaard | Cause No. 03-4-01220-5 |
| Linda Zauner | Cause No. 06-4-01018-5 |
| Lucas Rivero | Cause No. 07-4-01357-3 |
| Bella Mally | Cause No. 08-4-00968-0 |
| Ralph C. White | Cause No. 09-4-00282-9 |
| Catherine Desjardins | Cause No. 10-4-00727-1 |
| Alejandro Garcia | Cause No. 11-4-00300-2 |
| Leslie Stanich | Cause No. 12-4-00381-7 |
| Steven Eberhart | Cause No. 12-4-00510-1 |
| Joseph Naylor | Cause No. 12-4-00677-8 |
| Joan S. Smith | Cause No. 12-4-00998-0 |
| Connie L. House | Cause No. 12-4-01004-0 |
| Janet L. Shaw | Cause No. 96-4-01378-3 |
| Malcolm Mclellan | Cause No. 97-4-01092-8 |
| Thomas Getchell | Cause No. 01-4-01342-6 |
| Robert Loss | Cause No. 02-4-01201-1 |
| Walter L. Withers | Cause No. 04-4-00274-7 |
| Thomas Miller Jr. | Cause No. 05-4-01226-1 |
| Elvella Storrud | Cause No. 06-4-01226-9 |
| Christopher Dean | Cause No. 06-4-01476-8 |
| Aaron Eisenman | Cause No. 07-4-00293-8 |
| Nanci J. Stocker | Cause No. 07-4-00756-5 |
| Lewis Palmer | Cause No. 08-4-00098-4 |
| James Zingale | Cause No. 09-4-00704-9 |
| Marjorie K. Hopper | Cause No. 12-4-00511-9 |
| Bertha Jenkins | Cause No. 12-4-00690-5 |
| Carl McMorris | Cause No. 12-4-01005-8 |
| Kirsten Sternberg | Cause No. 12-4-01415-1 |
| Michaele Hood | Cause No. 13-4-00267-3 |
| Bart Harrington | Cause No. 13-4-00268-1 |
| Donald Mitchell | Cause No. 4-98734 |
| Nehemiah Slater | Cause No. 02-4-01155-3 |
| Sarah DeMary | Cause No. 08-4-01645-7 |
| Cleora Boyd | Cause No. 12-4-01327-8 |
| Linda Brangwin | Cause No. 4-94376 |

ORDER
Page 2 of 4

This matter came before the Court on Friday, September 13, 2019 upon this Court's Motion for Presentment and the motions of Lori Peterson d/b/a Empire Care Services, an individual; and, Hallmark Care Services Inc., a Washington Corporation d/b/a Castlemark Guardianship and Trusts, d/b/a Empire Guardianship and Professional Services to vacate certain Judgments as referenced in the motion, together with a Motion for Attorney Fees and Costs.

At the time of the hearing the Court entered two orders. The first was the order brought on for presentment by the Court which vacated the October 28, 2015 sanction order against Lori Peterson, et al., and the second was an Order Vacating Certain Judgments in June 2015 against Lori Peterson, et al.

As to the Motion for Statutory Fees and Costs, the Court reserved ruling to ascertain the procedural aspects of entering the order in light of the pending appeal and to consider the substance of the motion.

The Court is now satisfied it can proceed to enter an order on the issue of the fee request so as to allow review by the Court of Appeals.

Lori Peterson, et al., asserts a right to statutory attorney's fees and costs under RCW 4.84.010 et seq. The request is basis upon the theory it is a prevailing party. To succeed on that theory this Court would have to find it was a party, or the Guardianship Monitoring Program was a party, and that Peterson, et al. prevailed under the statute.

This Court holds that the Court and the Guardianship Monitoring Program are not parties for the purposes of the award of statutory in this matter as they are not named parties in any capacity in the cases at issue.

**ORDER**
**Page 3 of 4**

This Court further holds that even if the entities against who fees and costs are held to be parties for the purposes of RCW 4.84/010 et seq., Peterson, et al. is not "prevailing" under the statute. The Court vacated sanction orders on its own motion. Peterson, et al. did not prevail on any substantive aspect of the action.

Accordingly, the Court DENIES the Motion for Statutory Fees and Costs to Peterson, et al.

DATED this 23ʳᵈ day of September, 2019.

Judge Harold D. Clarke, III

ORDER
Page 4 of 4

CN: 498734

**SN: 246**

PC: 4

**FILED**

SEP 2 4 2019

TIMOTHY W. FITZGERALD
SPOKANE COUNTY CLERK

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF SPOKANE

| Re: Guardianships/Trusts of: | | |
|---|---|---|
| Sharon Louise Pitner | Cause No. 88-4-01012-1 | **ORDER RE:** |
| Ron Gehring | Cause No. 01-4-00294-7 | **STATUTORY FEES** |
| Rex Lee Hartley | Cause No. 01-4-00821-0 | **AND COSTS** |
| Mary E. Wright | Cause No. 02-4-00316-0 | |
| Marlene Friesen | Cause No. 02-4-00384-4 | |
| Richard E. Bowers | Cause No. 02-4-00989-3 | |
| Jessica Harmon | Cause No. 03-4-00764-3 | |
| Carisa M. Cornelius | Cause No. 05-4-00548-5 | |
| Robert D. Harris | Cause No. 05-4-01384-4 | |
| Portia Elvidge | Cause No. 06-4-00102-0 | |
| Helen Martin | Cause No. 06-4-01260-9 | |
| Rosalind Morris | Cause No. 07-4-00944-4 | |
| Anna Carey | Cause No. 08-4-00910-8 | |
| Dawn Wesselman | Cause No. 08-4-00910-8 | |
| Clayton Nalley | Cause No. 09-4-00820-7 | |
| Louise Nichols | Cause No. 09-4-01110-1 | |
| Judd Smelcer | Cause No. 09-4-01453-3 | |
| H. Kurt Olson | Cause No. 10-4-00513-9 | |
| Lynn Fairbanks | Cause No. 10-4-00531-7 | |
| Jared Collier | Cause No. 10-4-01013-2 | |
| Krista Blair | Cause No. 10-4-01235-6 | |
| Donna Vogel | Cause No. 10-4-01437-5 | |
| David Campbell | Cause No. 11-4-00044-5 | |
| Michael Fenske | Cause No. 11-4-01556-6 | |
| Margaret Sullivan | Cause No. 12-4-00181-4 | |
| Teresa Higgins | Cause No. 12-4-00250-1 | |
| Robert W. Tuckerman | Cause No. 12-4-00311-6 | |
| Murphy McCoy | Cause No. 12-4-00405-8 | |
| Jared Trimble | Cause No. 12-4-00509-7 | |
| Betty Vingo | Cause No. 12-4-00595-0 | |
| Ruth Morales | Cause No. 12-4-00610-7 | |

**ORDER**
Page 1 of 4

| | |
|---|---|
| Margaret McDirmid | Cause No. 12-4-00964-5 |
| Gustavo Morales | Cause No. 12-4-01459-2 |
| Sharon Moore | Cause No. 14-4-00950-1 |
| Jeffrey R. Williams | Cause No. 88-4-00487-2 |
| Holly Mae Sanford | Cause No. 92-4-00006-9 |
| June Love | Cause No. 94-4-00022-7 |
| Marlo Foster | Cause No. 95-4-01412-9 |
| Ernest Bowen | Cause No. 97-4-00967-9 |
| Bernetta E. Melton | Cause No. 97-4-01239-4 |
| Arthur Underwood | Cause No. 98-4-00390-3 |
| Barbara A. Oppegaard | Cause No. 03-4-01220-5 |
| Linda Zauner | Cause No. 06-4-01018-5 |
| Lucas Rivero | Cause No. 07-4-01357-3 |
| Bella Mally | Cause No. 08-4-00968-0 |
| Ralph C. White | Cause No. 09-4-00282-9 |
| Catherine Desjardins | Cause No. 10-4-00727-1 |
| Alejandro Garcia | Cause No. 11-4-00300-2 |
| Leslie Stanich | Cause No. 12-4-00381-7 |
| Steven Eberhart | Cause No. 12-4-00510-1 |
| Joseph Naylor | Cause No. 12-4-00677-8 |
| Joan S. Smith | Cause No. 12-4-00998-0 |
| Connie L. House | Cause No. 12-4-01004-0 |
| Janet L. Shaw | Cause No. 96-4-01378-3 |
| Malcolm Mclellan | Cause No. 97-4-01092-8 |
| Thomas Getchell | Cause No. 01-4-01342-6 |
| Robert Loss | Cause No. 02-4-01201-1 |
| Walter L. Withers | Cause No. 04-4-00274-7 |
| Thomas Miller Jr. | Cause No. 05-4-01226-1 |
| Elvella Storrud | Cause No. 06-4-01226-9 |
| Christopher Dean | Cause No. 06-4-01476-8 |
| Aaron Eisenman | Cause No. 07-4-00293-8 |
| Nanci J. Stocker | Cause No. 07-4-00756-5 |
| Lewis Palmer | Cause No. 08-4-00098-4 |
| James Zingale | Cause No. 09-4-00704-9 |
| Marjorie K. Hopper | Cause No. 12-4-00511-9 |
| Bertha Jenkins | Cause No. 12-4-00690-5 |
| Carl McMorris | Cause No. 12-4-01005-8 |
| Kirsten Sternberg | Cause No. 12-4-01415-1 |
| Michaele Hood | Cause No. 13-4-00267-3 |
| Bart Harrington | Cause No. 13-4-00268-1 |
| Donald Mitchell | Cause No. 4-98734 |
| Nehemiah Slater | Cause No. 02-4-01155-3 |
| Sarah DeMary | Cause No. 08-4-01645-7 |
| Cleora Boyd | Cause No. 12-4-01327-8 |
| Linda Brangwin | Cause No. 4-94376 |

ORDER
Page 2 of 4

This matter came before the Court on Friday, September 13, 2019 upon this Court's Motion for Presentment and the motions of Lori Peterson d/b/a Empire Care Services, an individual; and, Hallmark Care Services Inc., a Washington Corporation d/b/a Castlemark Guardianship and Trusts, d/b/a Empire Guardianship and Professional Services to vacate certain Judgments as referenced in the motion, together with a Motion for Attorney Fees and Costs.

At the time of the hearing the Court entered two orders. The first was the order brought on for presentment by the Court which vacated the October 28, 2015 sanction order against Lori Peterson, et al., and the second was an Order Vacating Certain Judgments in June 2015 against Lori Peterson, et al.

As to the Motion for Statutory Fees and Costs, the Court reserved ruling to ascertain the procedural aspects of entering the order in light of the pending appeal and to consider the substance of the motion.

The Court is now satisfied it can proceed to enter an order on the issue of the fee request so as to allow review by the Court of Appeals.

Lori Peterson, et al., asserts a right to statutory attorney's fees and costs under RCW 4.84.010 et seq. The request is basis upon the theory it is a prevailing party. To succeed on that theory this Court would have to find it was a party, or the Guardianship Monitoring Program was a party, and that Peterson, et al. prevailed under the statute.

This Court holds that the Court and the Guardianship Monitoring Program are not parties for the purposes of the award of statutory in this matter as they are not named parties in any capacity in the cases at issue.

ORDER
Page 3 of 4

This Court further holds that even if the entities against who fees and costs are held to be parties for the purposes of RCW 4.84/010 et seq., Peterson, et al. is not "prevailing" under the statute. The Court vacated sanction orders on its own motion. Peterson, et al. did not prevail on any substantive aspect of the action.

Accordingly, the Court DENIES the Motion for Statutory Fees and Costs to Peterson, et al.

DATED this 23ᵉᵈ day of September, 2019.

_____
Judge Harold D. Clarke, III

**ORDER**
Page 4 of 4

No. 34236-1-III
*In re Guardianship of Mitchell, et al.*
Appendix

# Exhibit B

**CERTIFICATE OF MAILING**

I certify that a copy of the foregoing documents were delivered by First Class Mail, Postage Pre-paid , and addressed to the following:

Steve Kinn                                    [ ] First Class Mail, Postage Pre-paid
Spokane County Prosecutor's Office           [ ] Hand Delivered
Civil Department                             [ ] Overnight Mail
1115 W. Broadway Ave.                         [ ] Telecopy (fax)
Spokane, WA  99260

Dated this 8th day of October, 2019.

John Pierce, Atty for Appellants

LAW OFFICE OF JOHN PIERCE, P.S.
505 W. RIVERSIDE AVE., STE 518
SPOKANE, WA 99201
TELEPHONE: (509) 210-0845
TELEFAX: (509) 267-0814